IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND L. Bruton, )
)
      Plaintiff, )
)
) CIV. No. 06-791-SLR
)
MRS. PAMELA A. MINOR, )
MS. CHERYL REGAN, MR. STANLEY )
W. TAYLOR, and, WARDEN RAPHAEL )
WILLIAMS, )
)
      Defendant. )

FILED JAN 24 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF"S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), plaintiff's move this Court for a preliminary injunction for the reason set forth below and in their supporting memorandum of law:

1. There is a reasonable likelihood that plantiff will prevail on the merits.

For more than 7 months, defendants have denied plaintiff his constitutional right to proceed onward to his MDT Hearing and forward to his Board of Parole Hearing.

2. Plaintiff on April 9, 2006, requested of MS. C. Pettyjohn, of the Classification Treatment Department, to defer his MDT Hearing results being sent to the Board of Parole, allowing plaintiff the opportunity to forefill the recommendations of Board of Parole's February 8, 2005, meeting.

3. Ms. C. Pettyjohn, whom was plaintiff's Counselor was transferred to Delaware Correctional Center, which was a step-up in he career move. Plaintiff completed the Key Program on or about May 15, 2006.

4. Upon Ms. C. Pettyjohn's transfer, Mrs. Pamela A. Minor, Treatment Administrator had taken the duties of Ms. Pettyjohn upon her case load. Plaintiff has become un-stisfied with Mrs. Miners objective out look regarding his Board of Parole procedures.

5. After plaintiff was moved from the Key Program to 1-E Pod for disciplinary reasons and then moved to 2-E Pod, then to 2Q-Po Mrs. Miner and Ms. Cheryl Reagon, plaintiff's counsler on 2Q-Pod, in so doing, defendant's, have acted with deliberate indifference to a substantial risk of serious harm, in violation of plaintiff's rights under the Eight Amendment.

6. There is a substantial threat of irreparable harm if the injunction is not granted. As a result of their constant refusal to allow plaintiff to have his MDT Hearing, and to confine plaintiff on 2Q-Pod which is considered a Pod for trouble makers, plaintiff has suffered and continue to suffer serious physical and mental i injuries. Any remedy at law for plaintiff's injuries would be inadequate.

7. The threatened injury to plaintiff out-weighs any harm the pro posed injunction may cause defendant's. The relief that plaintiff seek is an order compelling fefendants to perform their preexist ing duties under the U.S. Constitution. To the contrary, the pub lic interest is well served by protecting the constitutional rights of all its members.

WHEREFORE, plaintiff request that upon consideration of this motion and the supporting Memorandum of Law, this Court Order defendants successors, agents, employees, and all persons acting in concert with them to provide plaintiff with a MDT Hearing and send the results to the Board of Parole, which will allow plaintiff to recieved a Parole Date, and onward to a scheduled Board of Parole Hearing.

Respectfully Submitted, this 22nd day of January, 2007.

Raymond L. Bruton  
Raymond L. Bruton

F/m Raymond L Burton
SBI-#06M.5 Unit 20-pd
H.L. JKRA
P.O.Box 9561
Wilmington, Delaware 19809

WILMINGTON DE 197
23 JAN 2007 PM 3 L

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570