IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON, )
 )
    Plaintiff, )
 )
 ) CIV. No. 06-791-SLR
 )
MRS. PAMELA A. Minor, )
MS. CHERYL REGAN, MR. STANLEY )
W. TAYLOR, and. WARDEN RAPHAEL )
WILLIAMS. )
 )
    Defendant. )

FILED
JAN 24 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION     BD Scanned

PLAINTIFF SUBMIT THIS Memorandum of law in support of their moti

for a preliminary injunction.

In determining whether a preliminary injunction should issue, a

Court must consider whetherr the party seeking the injunction has

demonstrated that:

(1) it has a reasonable likelihood of success on the merits of

the underlying claim; (2) no adequate remedy at law exists; (3)

it will suffer irreparable harm if the preliminary injunction is

denied. (4) the irreparable harm the party will suffer without in

junctive relief is greater than the harm the opposing party will

suffer if the preliminary injunction is granted; and (5) the pre-

liminary injunction will not harm the public's interest.

I. There is a reasonable liklihood that plaintiff's will succ-

ceed on the merits in this case.

The Third Circuit Court Of Appeals in 2005, brought to plaintiff'

attention <u>Wilkinson v. Dotson</u> , cite as 125 S.Ct. 1242 (2005).

ionality of their parole-eligibilty proceedings and parole- suitability proceedings were not collateral attacks on duration of their confinement required be raised in Habeas Corpus proceedings rather than in action under 1983 seeking declaratory and injunctive relief; although prisoners sought relief that would invalidate state procedures used to deny parole eligibility and suitability, neither sought an injunction, ordering his immediate or speedier release into the Community, 28 U.S.C.A. 2254 (a) U.S.C.A. 1983.

Here, plaintiff has the constitutional right to request a parole hearing in accordance with the parole authority and procedure as stipulated in 11 Del. C. 4347, revised July 1, 1992.

Here, as plaintiff's verified complaint shows, plaintiff has been denied access to the MDT Board to complete the process which will allow plaintiff to proceed to the Board of Parole after the MDT Board forwards it decision to the State Board of Parole.

Here, defendant's has decided to control and deny plaintiff's his constitutional right to a Parole Hearing.

Here, plaintiff is allowed by the Parole Boards Order that plaintiff would be eligible to be reheard for parole consideration upon successful completion of the Key Program. In addition, there must be a resollution of instutional write-ups. Plaintiff may file a new application for parole consideration in accordance with the parole authority and procedure as stipulated in 11 Del C. 4347, revised July i 1992.

Here, defendant's has decided that plaintiff's parole procedures are within their control. Defendant's has completely ignored the fact why plaintiff had the MDT Board's decision defferred, because he lack the completion of an AVP Program. Once plaintiff had accomplished and remedied that requirement, plaintiff lifted his defferred status and tried to move forward to his parole date and Board of Parole Hearing, defendant's know they do not have th legal right or authority to deny plaintiff's access to the MDT Board , nevertheless, defendant 's have failed to respond reasonably. They have refused to provide plaintiff with a MDT Hearing. Their refusal amounts to deliberate in difference, in violation of plaintiff's rights under the Eight Ammendment. And defendant's are in violation of plaintiff's 14th Ammendments of his due process and the 5th Ammendments to the Federal U.S. Constitution.

II Plaintiff face a SUBSTANTIAL THREAT OF IRREPARABLE HARM:
Irreparable harm will result unless an injunction is granted in this case. As a result of being denied an opportunity to move forward to the MDT Board Hearing, plaintiff is a Chronic High Blood user of medicine. The infirmary has been diagnose by the Federal U.S. Department of Justice, Civil Rights Division,from Washington, DC., mention how terrible these Delaware prisons are being run. The water is being drank by the inmate population, how ever, the officers here are advised to not drink the water or eat the food at this facility. Plaintiff has the opportunity to leave this institution and defendant's through their ill advised decisions are denying  plaintiff his constitutional right to go

before the parole board.

Here, the water plaintiff shower with is causing skin problems beyond plaintiff's imagination. Plaintiff has the Constitutional right to expect parole, and not to be denied his right because of anger and hatered directed to plaintiff from DOC employees and agents.

Conclusion;

For these reasons, plaintiff asks this Court to Order defendant's their successors, agents, employees, and all persons acting in concert with them to provide plaintiff at this institution, H. R. Y. C. I., with the MDT Hearing that they have been denying, and to give the results of that hearing to the Board of Parole, immediately.

Respectfully Submitted, this 22nd day of January 2007

*Raymond L. Bruton*

RAYMOND L. BRUTON