IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-791-SLR |
| | ) |
| MRS. PAMELA A. MINOR, MRS. CHERYL REGAN, MR. STANLEY W. TAYLOR, and WARDEN RAPHAEL WILLIAMS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 12th day of June, 2007, having reviewed the motion for injunctive relief, and defendants' response thereto;

IT IS ORDERED that the motion for injunctive relief (D.I. 6) is denied as moot, for the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to proceed in forma pauperis, filed a motion for injunctive relief to order defendants to provide him with a Multi-Disciplinary Team ("MDT") hearing and to send the results to the Delaware Board of Parole. (D.I. 6) Plaintiff states this will allow him to receive a parole date and move onward to a scheduled Board of Parole hearing. Id. The motion for injunctive relief was served upon defendants at the same time as the complaint and it ordered defendants to file a response to the motion. (D.I. 10) Defendants filed their response on June 7, 2007. (D.I. 18)

2. **Standard of Review.** When considering a motion for a preliminary injunction plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will

result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Plaintiff's motion is moot. He has already received the relief he requested. Defendants indicate that plaintiff attended a hearing before the MDT Board on March 7, 2007. (D.I. 18, at 5) Further, plaintiff is scheduled to appear before the Board of Parole within the near future. Id. at 6. Defendants did not disclose the date of the parole hearing due to security concerns. Id. Inasmuch as the motion is moot, the court sees no need to discuss the elements necessary for injunctive relief.

4. **Conclusion**. Plaintiff's motion is moot as he has received the relief he sought. Plaintiff is given leave to file a new motion for injunctive relief should the hearing before the Board of Parole fail to take place within the next six months. Based upon the foregoing, the motion for injunctive relief (D.I. 6) is **denied** as moot.

_____
UNITED STATES DISTRICT JUDGE