IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON<br><br>    Plaintiff,<br><br>v.<br><br>MRS. PAMELA A. MINOR, MRS. CHERYL REGAN MR. STANLEY W. TAYLOR, and WARDEN RAPHAEL WILLIAMS,<br><br>    Defendants. | Civil Action No. 06-791-SLR<br><br>Jury Trial Requested |

## PLAINTIFF"S ANSWER IN OPPOSITION TO STATE DEFENDANTS" ANSWER TO PLAINTIFF"S COMPLAINT

COMES NOW, Plaintiff Raymond L. Bruton, Prose hereby respond to State Defendant's Pamela A. Miner, Cheryl Regan and Warden Raphael Williams Answer to Plaintiff's Complaint, without any response from Defendant Stanley Taylor whom has been served by Plaintiff Raymond L. Bruton's Complaint dated December 20, 2006 and filed December 27, 2006 as follows:

### Previous Lawsuits

Plaintiff on December 11, 2000 filed Civil Case No. 00ev-01032 JJF and was litigated by States Attorney Stuart B. Drowos ID# 427, Department of Justice, Wilmington, DE 19801:

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff states on Tuesday October 31, 2006, Mrs. Pamela A. Minor, Treatment Administrator wrote a reply to plaintiff's letter written on October 29, 2006, stating that defendant

suggest plaintiff be cooperative and "patient" throughout this process. Plaintiff wrote to Commissioner Stanley W. Taylor Jr. on November 20, 2006, explaining the entire scope of plaintiff's constitutional violations being committed by Mrs. Pamela A. Minor and Mrs. Cheryl Regan, regarding plaintiff's Parole MDT Hearing and their refusal to comply with plaintiff, which herein is enclosed in the Civil Complaint: Plaintiff exhausted all available avenues of Administrated remedies afforded to him in this process

## PLAINTIFF

1. Plaintiff requested Ms. C. Pettyjohn, Classification Treatment Department, his counselor, to dfer the MDT Hearings Classification, because the Board had informed plaintiff that they would not support plaintiff being approved for Parole because he had not completed an Anger Management Group couseling Program: Ms C. Pettyjohn informed plaintiff she was being transferred to the Delaware Correctional Center, however, she would start the process but will not be there to finish the procedure.

2. Plaintiff wrote the deferred letter to Ms.C. Pettyjohn and Mrs. Pamela A. Minor, Treatment Administrator follow-up with a response to plaintiff explaining how she had e-mail to the Bureau Chief, Parole Board Chairperson and to the Warden, sim simply cited the anticipation of the completion of Key in June 2006, and the request to defer plaintiff's parole hearing. unpon writing the memorandum on June 22, 2006, Mrs. Miner for the first time express her displeasure toward Plaintiff in her response to

to plaintiff's correspondence, saying, how it was plaintiff's request to defer the parole hearing. How it was unrealistic for plaintiff to expect her to facilitate enrolling plaintiff in the AVP Program in two months. Explaining plaintiff instead of trying to find fault with Mrs. Miner, plaintiff should take responsibility for his own actions. And she showed anger how she was in dispute with plaintiff's statement" that Mrs. Miner had plaintiff in a no win situation, and how she recall, plaintiff got what he asked for. This letter is included herein the Civil Complaint. On October 22, 2006, plaintiff wrote to counsel Cheryl Regan and how she ignored plaintiff's letters with no reply.

    3. Plaintiff requested Mrs. Miner to cancel the request for a deferred status of his MDT Board Classification on June 26, 2006, complaining how plaintiff felt (4) months waiting for a AVP Program was to long, that plaintiff was not in the state of mind, because of the terrible living conditions (Key Program) without fresh air, no exercise, no gym, no sunshine, terrible fresh water, how it was damaging to plaintiff's health, letter included in the Civil Complaint.

## STATEMENT OF FACTS

Paragraph No. 1: Plaintiff has included within the Civil Complaint letters to support his every allegation of April 9, 2006, RE: MDT Classification, Ms. C. Pettyjohn.

Paragraph No. 2: Plaintiff has included within the Civil Complaint, letters to support every allegation; letter from

3,

Mrs. Pamela A. Minor, on Thursday June 22, 2006, RE: Response to Correspondence from Plaintiff.

Paragraph No. 3: Plaintiff has included within the Civil Complaint, letters to support his every allegation; letter from plaintiff on June 26, 2006, RE: Reply to memorandum of Mrs. Pamela A. Minor.

Paragraph No. 4: Plaintiff has included within the Civil Complaint, letters to support his every allegation; memorandum from Warden Raphael Williams on November 27, 2006, RE: Reply to Plaintiff, letter sent to Warden Raphael Williams on November 23, 2006, letter mailed on December 3, 2006; RE: Reply to Correspondence; memorandum mailed to plaintiff on December 4, 2006, Subj- Your recent coorespondence.

Paragraph No. 5: Plaintiff has included within the Civil Complaint, letters to support his every allegation; letter of October 1, 2006, RE: Parole Date:; Letter to Mrs. Cheryl Regan mailed October 22, 2006.

Paragraph No. 6: Plaintiff has included within the the Civil Complaint; letters to support his every allegation, letter of June 26, 2006, RE: Reply to memorandum, letter from Warden Raphael Williams, RE: Your recent correspondence; Grievance was mailed to Sgt. Moody on 11/21/06, which is included within the Civil Complaint.

Paragraph No.7: Plaintiff has included within the Civil Complaint; letter to Mr. Stanley W. Taylor, Commission of Prison at that date, letter mailed on November 20, 2006, RE:

4.

Parole Hearing, and Mr. Stanley W. Taylor was the Commissioner of this particular Administration.

### RELIEF

Plaintiff is entitled to relief in damages specifically compensatory damages for the deliberate in difference directed from defendants and procedural due process violations created by defendants failure to allow plaintiff to proceed forward to his MDT Classification/ furthermore, punitive damages should also be made available to plaintiff because the defendants all conspired to prevent the MDT Classification which would have allowed plaintiff to proceed forward to his Parole Hearing and as such violated plaintiff's rights and the rules of the Board of Parole violating the Parole Authority and procedure as stipulated in 11 Del C 4347 revised July 1, 1992, by denying plaintiff his constitutional right to proceed to his Board of Parole Hearing, violated his procedural due process and the Federal and State Constitution in respect to 11 Del C 4347 revised July 1, 1992, fifteen months has elasped since defendants started this campaign to violate Plaintiff's rights to procedural due process; by refusing plaintiff access to his constitutional right to parole, with plaintiff proceeding to his Parole Hearing within 8 months to his conditional release when plaintiff requested a Parole Hearing over fifteen months prior to July 24, 2007, which plaintiff on July 24, 2007 was granted Parole.

### STATE DEFENDANTS" ARE NOT ENTITLED TO AFFIRMATIVE DEFENCES

1. Plaintiff on April 9, 2006, mailed a letter to Ms. C. Pettyjohn counselor, Classification Treatment, Department, letter included in Civil complaint. On that date plaintiff requested his recent MDT Hearing to be deferred until he was able to complete a AVP Program, counselor an the two members of

5ı

the Board requested AVP Program should have been accomplished by plaintiff before he requested another parole review.

On June 26, 2006, plaintiff wrote to Mrs. Pamela A. Minor, in paragraph 3 of that letter, plaintiff requested of Mrs. Minor to cancel his request sent to Ms. C. Pettyjohn, the deferred status to complete the AVP Program because he was not in the state of mind to wait another two to three months for this to be completed. Defendants' ignored plaintiff's request which the plaintiff requested for a deferment in aletter dated April 9, 20006, an with this request should have been enough to stop the process, with the letter dated June 26, 2006. This was plaintiff's constitutional right to request for a Parole review, and plaintiff's right to request a deferred status and to cancel the deferred status, since this was plaintiff's parole review, not deendants'.

2. The allegations of the complaint therein are not moot. The denial of plaintiff's constitutional rights have not been corrected. The violations of plaintiff's constitutional rights and subsequent events make it absolutely clear that the allegedly wrongful behavior cannot at this date be expected to be moot, if plaintiff has not been compensated by the Court.

3. The Eleventh Amendment does not bar lawsuits (1) against state officials in their official capacity for injunctive relief.

4. As to number (4) claims against state or against state Defendants' in their official capacities, defendants' assert that Sovereign Immuunity protect defendants' in their official capacities from liabilities, citing Doe v. Cates, 499 A.2d 1175 (Del. 1985). However, as Doe recognizes, publi officers and employees may be held fully liable when they exercise their authority in a bad faih manner.

6.

499 A.2d at 1181. Since the jury may find that defendants' acted in bad faith, the state law claims are not subject to sovereign immunity grounds.

    5. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established Federal Rights, are entitled to qualified immunity and cannot be held liable in this action. This is at the very least, afact question on whether the defendants' conduct was in good faith.

    Moreover, Harlow v. Fitzerald, 475 U.S. 800 (1982) made clear that government officials are entitled to qualified immunity only where "their conduct does not violate clearly established statutory or constitutional right of 3hich a reasonable person would have known" at 818. One may find that a reasonable person would have known that deliberately and conspiring together with defendants' to withhold plaintiff from his constitutional right to his Parole review violated his constitutional rights. One may find that the defendants' should have known that refusing and deliberately withholdin plaintiff from his parole hearing for 15 months violated plaintiff's constitutional rights. One may also find that a reasonabl person would have known that depriving plaintiff from reasonable access to the privileges afforded the general inmate population because plaintiff shown concern about his personal involvement with his Parole Hearing violated his statutory rights under 11 Del C. 4347 of the Board of Parole.

    6. State Defendants', in their official cpacity are not liable for alleged violations of plaintiff's constitutional rights as they are not "persons" within the meaning of 42 U.S.C. 1983, defendants' base their argument on the fact that 1983 only

allows suits to be brought against "persons". That does not support their argument with regards to the individual defendants' since a state official sued in his personal capacity is a 1983 person. Hafer v. Melo, 502 U.S. 21 (1991).

7. Also the state defendants' are not immune from liability under the state Tort Claims Act. 10 Del C. 4001, reveiw of the statute shows that it does not protect a defendant who has acted in bad faith. Moreover, the statue does not immunize defendants' from claims under 1983. Kirschling v. Lake Forest School District, 687 F.Supp. 927, 937, (D. Del. 1988).

8. Plaintiff holds state Defendants' Pamela A. Minor liable in this case of Action for her direct involvement in this 42 U.S.C. 1983 Action concerning plaintiff's constitutional right

Plaintiff holds state Defendant Warden Raphael Williams liable in this cause of Action for his refusal to order defendants' to stop deliberately abusing plaintiff's rights.

Plaintiff holds State Defendant Cheryl Regan liable in this cause of Action for her direct involvement in this 42 U.S C. 1983 Action concerning plaintiff's constitutional rihgts.

Plaintiff holds State defendants', Commissioner Stanley W. Taylor immediately responsible for not responding to Plaintiff's request for assistance when plaintiff wrote to him in several letters requesting his help.

9. This action 42 U.S.C. 1983 is not barred in whole or in part, by the applicable statue of limitations or any other

other statutorily required administrative time requirement.

10. Plaintiff has not failed to exhaust his administrative remedies, including and not limited to, remedies pursuant to 42 U.S.C. 1997 a(e), detailed in the 42 U.S.C. 1983 Civil Complaint, filed by Plaintiff.

11. State Defendants' are being held liable for their direct (personal) involvement for these constitutional violations in this 42 U.S.C. 1983 Lawsuit filed by Plaintiff.

12. Plaintiff's claims may sound in negligence, however, plaintiff claims are constitutional violations under 42 U.S C. 1983, and he has stated a cause under 42 US.C. 1983.

13. Plaintiff's claims has nothing to do with any type of negligence concerning Plaintiff's Actions. Plaintiff conduct was in no way below the standard to which he is legally required to conform for his own protection and which was a contributing cause which cooperates with the negligence of the defendant in causing plaintiff's harm. Defendants' alone was responsible for their own negligence in causing Plaintiff's harm.

14. Plaintiff states that a normal person working for the State Department of Corrections should have known that the normal procedures concerning Parole Hearings would cause a constitutional violation if deliberately and conspiratorially commited by the combination or confederacy between two or more persons, in denying or delaying plaintiff's Parole MDT Classification and Hearing.

15. Plaintiff state that under the 14 Amendment

of the United States Constitution, Section1, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges of immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.

16. Plaintiff's injuries and damages, are the direct results of the defendants' that are name in this 42 USC 1983 CIVIL Complaint.

17. Plaintiff tried in every way to help and en-courage the defendants to complete the process afforded to him going to his parole hearing, which they ignore in everyway they could, and delayed this process throughout the interim order.

18. Plaintiff served the defendants' as the Court directed, and to his knowledge all defendants' where served properly.

19. The Court directed Plaintiff with the entire process of this 42 U.S.C. 1983 complaint, and the Court acknowledge to plaintiff the process was completed properly.

20. Plaintiff states to his knowledge that the defendants' in this 42 U.S.C. 1983 complaint are the person and subject matter in this proper jurisdiction.

                                           RAYMOND L. BRUTON

                                           */s/ Raymond L. Bruton*
                                           Raymond L. Bruton
                                           SBI# 069025
                                           H.R.Y.C.I.
                                           P.O. Box 9561
Dated: August 7, 2007                     Wilmington, DE 19809

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-791-SLR |
| ) | |
| v. ) | |
| ) | Jury Trial Requested |
| MRS. PAMELA A. MINOR, MRS ) | |
| CHERYL REGAN, MR. STANLEY W. ) | |
| TAYLOR, and WARDEN RAPHAEL ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 7th day of August, 2007 that two true and correct copies of the Answer to Defendants' Answer have been served by first class mail, postage prepaid, upon the following:

Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

Raymond L. Bruton
SBI# 069025
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

