**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-791-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| MRS. PAMELA A. MINOR, MRS. | ) | |
| CHERYL REGAN, MR. STANLEY W. | ) | |
| TAYLOR, and WARDEN RAPHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS PAMELA A. MINOR, CHERYL REGAN AND
WARDEN RAPHAEL WILLIAMS'S COMBINED FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams hereby propound to Plaintiff Raymond L. Bruton, Sr. ("Bruton" or "Plaintiff"), the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests" and, together with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

## DEFINITIONS

1.      "State Defendants," shall mean State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams.

2.      "Plaintiff," "you," or "your" shall mean plaintiff Raymond L. Bruton, Sr.

3.      "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.      "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "HRYCI" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of HRYCI.

7.       "Person" refers to any individual, corporation, partnership, association or other entity.

8.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memorandum, book summarizing, ledger or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.     "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.     The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12.     "Identify" when used with respect to a person means to provide the following information:

(a)          the name, telephone number, and residential address of the person; and

(b)          the name of the present employer, place of employment, business and job title of the person.

13.     "Identify" when used with respect to an entity means to provide the following information:

(a)          the name, telephone number and address of the entity; and

(b)          the name of the entity's owners, principals, officers, and/or partners.

14. "Identify" when used with respect to a document means to provide the following information:

(a)    the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)    the date of the document;

(c)    the preparer and/or source of the document and all recipients of the document;

(d)    the substance in detail of the document; and

(e)    each person who now has custody, possession or control of the document.

15. "Identify" when used with respect to a communication means to provide the following information:

(a)    the date of the communication;

(b)    whether the communication was oral or written;

(c)    any person who sent, received, or had knowledge of the communication;

(d)    the substance in detail of the communication; and

(e)    any document embodying the communication.

## <u>INSTRUCTIONS</u>

1.      Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after April 1, 2006.

4.      These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

[Remainder of page intentionally left blank.]

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  With respect to the claims asserted in your Complaint, state the following:

        a.      identify all facts that refute, relate to, or support your claims;

        b.      identify the specific behavior or conduct that you allege that each of the State Defendants engaged in;

        c.      the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof;

        d.      identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Complaint including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with any State Defendant concerning the allegations in your Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify each document in your possession and control that relates to the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 5:**  If you allege that you filed an inmate grievance relating to the allegations in your Complaint, what date was said grievance filed on?  If your grievance relating to the allegations in your Complaint was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify any individual you allege witnessed in any manner any aspect of the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 7:** Describe any medical treatment you received as a result of the allegation in your Complaint that your health and welfare were effected by the alleged denial of a parole hearing, specifically addressing:

a.     whether you requested any medical treatment at HRYCI which you believe in any way resulted from the allegations in your Complaint; and

b.     the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Describe with specificity the "problems", as stated in your Complaint, that you had with State Defendants Minor and Regan that resulted in the alleged delay of your parole process including:

        a.       the nature of the alleged problems;

        b.       the dates and times on which the alleged problems began; and

        c.       identify any and all documents, including grievances, that describe the alleged problems.

**RESPONSE:**

**INTERROGATORY NO. 9:**  Describe in detail:

a. how each of the State Defendants denied you the ability to proceed in the parole process;

b. the dates and times you claim you were denied the ability to proceed in the parole process;

c. the injuries you claim you suffered by being denied the ability to proceed in the parole process; and

d. identify any and all documents, including grievances, that describe the injuries you claim you suffered by being denied the ability to proceed in the parole process.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe in detail:

        a.        the error you claim each of the State Defendants committed in your parole process;

        b.        the dates and times you claim the error occurred; and

        c.        identify any and all documents that describe the error you claim each of the State Defendants committed in your parole process.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail how you contributed to the delay in your parole process including but not limited to:

        a.      the dates and times you contributed to the delay in your parole process;

        b.      your April 2006 request to delay your parole process; and

        c.      identify any and all documents that describe how you contributed to the delay in your parole process.

        **RESPONSE:**

**INTERROGATORY NO. 12:** Describe with specificity how you believe each of the State Defendants should have assisted you in your parole process. Identify each document in your possession and control that relates to how each of the State Defendants should have assisted you in your parole process.

**RESPONSE:**

**INTERROGATORY NO. 13:** Describe in detail:

        a.       how you believe the parole process works;

        b.       the basis for your belief about how the parole process works;

        c.       the timetable upon which you believe the parole process proceeds;

        d.       the basis for your belief about the timetable upon which the parole process proceeds; and

        e.       identify any and all documents that support or refute your belief about how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**

**INTERROGATORY NO. 14:** Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify each document in your possession and control that relates to any injuries you allegedly sustained from the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 16:** Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 18:** Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 19:** State the total amount of damages you are seeking against the State Defendants and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 20:** Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 21:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 22:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:**    All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following April 1, 2006, which detail any injury you claim you suffered as a result of allegedly being denied the ability to proceed in the parole process.

**RESPONSE:**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to the allegations in your Complaint and the injuries you claim you suffered.

**RESPONSE:**

**REQUEST NO. 5:**    All grievances you filed referring or relating to the allegations in your Complaint and/or the injuries you claim you suffered as a result of allegedly being denied the ability to proceed in the parole process.

**RESPONSE:**

**REQUEST NO. 6:**    Any and all letters, grievances, notes and/or other documents you sent to each of the State Defendants regarding the allegations in your Complaint.

**RESPONSE:**

**REQUEST NO. 7:**    Any and all documents which comprise any diary, journal, log, or other written account of the allegations in your Complaint or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 8:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, which describe in detail your diagnosis of and treatment for any psychiatric illness.

**RESPONSE:**

**REQUEST NO. 9:**    Any and all documents which support or refute your claim that you were denied the ability to proceed in the parole process.

**RESPONSE:**

**REQUEST NO. 10:**    Any and all documents which support or refute your claim that you had "problems" with State Defendants Minor and/or Regan.

**RESPONSE:**

**REQUEST NO. 11:**    Any and all documents which support or refute your claim that the State Defendants committed an error in your parole process.

**RESPONSE:**

**REQUEST NO. 12:**  Any and all documents which show how you contributed to the delay in your parole process.

**RESPONSE:**

**REQUEST NO. 13:**  Any and all documents which support or refute your belief of how the State Defendants should have assisted you in your parole process.

**RESPONSE:**

**REQUEST NO. 14:**  Any and all documents which support or refute your belief of how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**

**REQUEST NO. 15:**  With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

     a.  all documents provided to or reviewed by the expert;

     b.  a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

     c.  all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

     d.  all documents upon which the expert's findings, conclusions and/or opinions are based; and

     e.  all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

**REQUEST NO. 16:** All documents you intend to introduce into evidence at the trial of this action.

**RESPONSE:**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for Defendants Pamela Minor, Cheryl Regan and Raphael Williams

Dated: August 31, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on August 31, 2007, I caused a true and correct copy of the attached *State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams's Combined First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Plummer Community Correctional Center
38 Todds Lane
Wilmington, DE 19802

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400