## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,                    )
                                      )
            Plaintiff,                )
                                      )
                                      )    Civil Action No. 06-791-SLR
      v.                              )
                                      )    Jury Trial Requested
                                      )
MRS. PAMELA A. MINOR, MRS.            )
CHERYL REGAN, MR. STANLEY W.          )
TAYLOR, and WARDEN RAPHAEL            )
WILLIAMS,                             )
                                      )
            Defendants.               )

FILED

JAN 17 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

### STATE DEFENDANTS PAMELA A. MINOR, CHERYL REGAN AND WARDEN RAPHAEL WILLIAMS'S COMBINED FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure

(the "Federal Rules"), State Defendants Pamela A. Minor, Cheryl Regan and Warden

Raphael Williams hereby propound to Plaintiff Raymond L. Bruton, Sr. ("Bruton" or

"Plaintiff"), the following interrogatories (the "Interrogatories") and requests for

production of documents (the "Document Requests" and, together with the

Interrogatories, the "Discovery Requests"), to be answered or responded to in writing

and, where required under the applicable rules, under oath, within thirty (30) days of the

date of service hereof.

## DEFINITIONS

1.    "State Defendants," shall mean State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams.

2.    "Plaintiff," "you," or "your" shall mean plaintiff Raymond L. Bruton, Sr.

3.    "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.    "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.    "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.    "HRYCI" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of HRYCI.

7.    "Person" refers to any individual, corporation, partnership, association or other entity.

8.    "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memorandum, book summarizing, ledger or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.    The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.    The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12.    "Identify" when used with respect to a person means to provide the following information:

(a)    the name, telephone number, and residential address of the person; and

(b)    the name of the present employer, place of employment, business and job title of the person.

13.    "Identify" when used with respect to an entity means to provide the following information:

(a)    the name, telephone number and address of the entity; and

(b)    the name of the entity's owners, principals, officers, and/or partners.

14.     "Identify" when used with respect to a document means to provide the following information:

(a)     the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)     the date of the document;

(c)     the preparer and/or source of the document and all recipients of the document;

(d)     the substance in detail of the document; and

(e)     each person who now has custody, possession or control of the document.

15.     "Identify" when used with respect to a communication means to provide the following information:

(a)     the date of the communication;

(b)     whether the communication was oral or written;

(c)     any person who sent, received, or had knowledge of the communication;

(d)     the substance in detail of the communication; and

(e)     any document embodying the communication.

## INSTRUCTIONS

1.      Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after April 1, 2006.

4.      These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

[Remainder of page intentionally left blank.]

## INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to the claims asserted in your

Complaint, state the following:

  a.   identify all facts that refute, relate to, or support your claims;

  b.   identify the specific behavior or conduct that you allege that

each of the State Defendants engaged in;

  c.   the names and present or last known addresses and telephone

numbers of all persons having knowledge of any of the facts set forth in answer to

subparagraph (a) hereof;

  d.   identify all documents that reflect, refer to or relate to such

contention or facts.

**RESPONSE:**

(a). April 9, 2006 Letter "Letter"
June 26, 2006 Letter; October 22, 2006
June 22, 2006 Letter  October 29, 2006; Letter
September 13, 2006 Letter  November 20, 2006, Letter
October 1, 2006 Letter  11/21/06 Grievance
October 17, 2006 Letter  11/22/06 Grievance Reply
November 27, 2006 Memorandum; November 23, 2006, Letter
Dec. 3, 2006 Letter

(b). Defendant Pamela A. Minor
deliberately with held me from
going to my MST Hearing:
Raphael Williams warden
Knew the defendants were
d i liberately denying me
from going to the MST Hearing
but refuse to do anything
to help me;

Cheryl Regan deliberately
withheld me from going
to my MST Hearing;
(c) unknown at this
time.
(d). unknown at
this time

- 6 -

**INTERROGATORY NO. 2:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Complaint including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

(a) Raphael Williams, Warden, october 30, 2006
    August 15, 2006
(b) unknown at this time.

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with any State Defendant concerning the allegations in your Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

(a) Raphael Williams, letter dated october 30, 2006
    Raphael Williams, Warden, letter dated August 15, 2006
    me. Ron Johnson, Paralegal in N.R.YC.I

- 7 -

**INTERROGATORY NO. 4:** Identify each document in your possession

and control that relates to the allegations in your Complaint.

**RESPONSE:**

April 9, 2006, Letter; June 26, 2006, Letter
June 22, 2006, Letter; September 13, 2006 Letter
September 15, 2006 Memorandum
October 1, 2006 Letter; October 29, 2006, Letter
October 17, 2006 Letter   October 30, 2006 Memorandum
October 22, 2006 Letter   November 20, 2006, Letter
Grievance 11/21/06
Grievance Reply 11/18/06   November 23, 2006, Letter
November 27, 2006 Memorandum   Dec. 3, 2006, Letter
Dec. 4, 2006 Memorandum

**INTERROGATORY NO. 5:** If you allege that you filed an inmate

grievance relating to the allegations in your Complaint, what date was said grievance

filed on? If your grievance relating to the allegations in your Complaint was rejected,

describe in detail what facts contributed to the rejection.

**RESPONSE:**

Grievance was Filed on 11/21/06
The Grievance was Not Rejected, just ignored
by Sgt moody as she does most Grievances
the inmate population write and send to
her!

- 8 -

**INTERROGATORY NO. 6:** Identify any individual you allege witnessed in any manner any aspect of the allegations in your Complaint.

**RESPONSE:**

mr. Ron Johnson, Paralegal of
A.R.y.C.I.

**INTERROGATORY NO. 7:** Describe any medical treatment you received as a result of the allegation in your Complaint that your health and welfare were effected by the alleged denial of a parole hearing, specifically addressing:

a.      whether you requested any medical treatment at HRYCI which you believe in any way resulted from the allegations in your Complaint; and

b.      the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**RESPONSE:**

(a) The increase in my blood pressure medicine
The increase in my Diabetic Medicine while
in H.R.y.C.I
The skin deseas I caught while in A.R.y.C.I
The high blood pressure Reading by the Nurse
staff while I was in A.R.y.C.I.
(b). Dates are unknow at this time

**INTERROGATORY NO. 8:** Describe with specificity the "problems",

as stated in your Complaint, that you had with State Defendants Minor and Regan that

resulted in the alleged delay of your parole process including:

        a.      the nature of the alleged problems;

        b.      the dates and times on which the alleged problems began;

and

        c.      identify any and all documents, including grievances, that

describe the alleged problems.

**RESPONSE:**

(a) State Defendant's Minoe and Reyan took on a Sense of Entitlement because Plaintiff Requested a New direction, because of the Length of time State defendants were taking when I Requeted the defeeement.

(b). April 9, 2006,    August 15, 2006    october 17, 2006
    June 26, 2006,    September 13, 2006    october 22, 2006
    June 22, 2006,    October 1, 2006    october 29, 2006
    october 30, 2006    November 20, 2006

(c). Greivance on 11/21/06

- 10 -

**INTERROGATORY NO. 9:**  Describe in detail:

        a.      how each of the State Defendants denied you the ability to proceed in the parole process;

        b.      the dates and times you claim you were denied the ability to proceed in the parole process;

        c.      the injuries you claim you suffered by being denied the ability to proceed in the parole process; and

        d.      identify any and all documents, including grievances, that describe the injuries you claim you suffered by being denied the ability to proceed in the parole process.

**RESPONSE:**

(a) Each defendant ignored my communications.

(b) Plaintiff has recorded the dates and times in early numbers of these interrogatory.

(c) Plaintiff suffered a loss on July 6, 2006 which if allowed to proceed to parole + hearing their is a possibly family member would not have died without my contact.

(d). Plaintiff suffered physicall abuse from not being allowed to proceed to MJT Board and to parole + hearing.

(d). Grievance was identified, and again on 11/31/06 Plaintiff filed grievance to Sgt. Moody.

- 11 -

**INTERROGATORY NO. 10:** Describe in detail:

      a.     the error you claim each of the State Defendants committed

in your parole process;

      b.     the dates and times you claim the error occurred; and

      c.     identify any and all documents that describe the error you

claim each of the State Defendants committed in your parole process.

**RESPONSE:**

(a) the error or Refusal state defendants committed in Plaintiff's Parole process, Was deliberate and meant to hurt me or with hope I would have died or Flustrations and pain of being in a terrible place Reported full of disease and ignorance.

(b) the dates and times started in April 06, and continued until the day I was placed on Parole Status.

(c) I wrote several letters which the defendants either Refuse to acknowledge or Completely ignored. I have Refered to the many letters written to each and every defendant in this 1983 lawsuit. I must Refer the Attorney's to all the letters I have Refered to in the earlier interrogatory NO.5

- 12 -

**INTERROGATORY NO. 11:** Describe in detail how you contributed to

the delay in your parole process including but not limited to:

      a.     the dates and times you contributed to the delay in your

parole process;

      b.     your April 2006 request to delay your parole process; and

      c.     identify any and all documents that describe how you

contributed to the delay in your parole process.

**RESPONSE:**

(a). On April 9, 2006, when Plaintiff Requested to Ms. Pettyjohn to defer my result of the MDT Hearing, until Plaintiff was able to fore fill the recommendations of the Parole Board & the MDT Board was part of Plaintiff's plan to be granted parole, not a contribut to a delay in my parole process.

(b). The April 2006 request to delay was not an apparent procedure to let Pamela A. Minor, and Cheryl Regan take full control of the process of my Parole Hearing. Plaintiff did not understand any of the procedure defendants were using to delay Plaintiff's Parole - No where in the Parole Procedure 4347 did I find defendants denial.

(c). Plaintiff did not contributed to the delay in his parole process.

- 13 -

**INTERROGATORY NO. 12:** Describe with specificity how you believe each of the State Defendants should have assisted you in your parole process. Identify each document in your possession and control that relates to how each of the State Defendants should have assisted you in your parole process.

**RESPONSE:**

Before MS. Pettyjohn had transferred to the Delaware Correctional Center, the entire process was working fine.

However, when Pamela A. Minor, and Cheryl Regan began envolved, their Entitlement and thinking errors drove them to try and sabotage the entire Process.

When Plaintiff Requested defendant Minor to let him move forward to Plaintiff's mJT Board Hearing in the June 26, 2006 Letter, defendant should have honored Plaintiff's Request.

All was necessary for defendant's to do was to stop thinking this parole procedure was for them to proceed to the parolehearing and realize Plaintiff had the Right to have a control and a voice in his parole process, which they refuse to let Plaintiff have.

At this time I am in a place were my documents are not here, in my control. No Law Library exist and my documents are not in the Crest Program along with me.

**INTERROGATORY NO. 13:** Describe in detail:

        a.      how you believe the parole process works;

        b.      the basis for your belief about how the parole process

works;

        c.      the timetable upon which you believe the parole process

proceeds;

        d.      the basis for your belief about the timetable upon which the

parole process proceeds; and

        e.      identify any and all documents that support or refute your

belief about how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**

(a) the Parole process works, First I Notify the Board of Parole that I am within (6) months of my Parole Hearing and I am Requesting a Parole Hearing. The Parole Board write the Treatment Administrate, explaing Plaintiff was Requesting a Parole Hearing, For them to prepare Paper-work For the up-coming Parole Hearing, and take Plaintiff before the MDT Board, to see how the MDT Board would Respond to Plaintiff Receiving Parole.

(b) 4347 defines the Parole process Completely.

(c) the timetable upon the Parole process should proceed is months Not a year (4) months oF delay.

(d) the basis For my belieF about the timetable I have been to a Parole Hearing beFore, and I have Read Title 12, 4347 in the Rules oF Parole Procedure.

(e). At this point I am Not in a Law Library Nor do I have my Personal documents to support my timetable upon which it proceeds.

**INTERROGATORY NO. 14:** Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**RESPONSE:**

On February 11, 1982, I Requested of the Attorney's General's Office to allow plaintiff to have a Psycholoeial hearing because I was having difficulty being incorcecated. I had no mental or behavioral problems, I did that to escape from in Corceration on that date, February 11, 1982. I have no documents to support any of this at this time.

**INTERROGATORY NO. 15:** Identify each document in your possession and control that relates to any injuries you allegedly sustained from the allegations in your Complaint.

**RESPONSE:**

The documents in my control are the records the medical Department has in their control which will support how my blood pressure did increase, my diabetic medicine was increased, and "Now" the doctors are thinking about eliminating me altogether from any medicine in the near future, hopefully.

**INTERROGATORY NO. 16:** Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

**RESPONSE:**

To my remembrances I remember requesting for a coat and Sgt. & Lt. took me to 1-E because I requested a coat when I was cold in the Key Program. The year that happen was July 2006.

In the paste I don't remember how many or where.

- 17 -

**INTERROGATORY NO. 17:** Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

I have Not had any New Convictions Since my Escape in 1982. None at all in the Past Fifteen years.

**INTERROGATORY NO. 18:** Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

1999 America Star, Computer Company Pay $15.00 he. Crate pay $30.00 he. Located behind NewCastle Avenue on Collins Park 19720
I have my own Paralegal Investigations business.
Dont Remember the Names of the supervisor dates, the paper work is Somewhere pack away.

- 18 -

**INTERROGATORY NO. 19:** State the total amount of damages you are

seeking against the State Defendants and the computation used to arrive at the sum.

**RESPONSE:**
The total amount of Damages I am seeking is in the area of 1 million Dollars and punity damages 1 million 500 thousand. I come to this computation because the state officials deliberately held me longer in H.R.y.C.I. than normally it would have been. I have my own business which I can make $100,000 dollars From my ParaLegal work. I have been held in jail on a tech Violation of Parole For (7) years Terrible Sentence to Receive.

**INTERROGATORY NO. 20:** Identify each person you intend to call as a

fact witness at any trial or hearing in this matter and state the subject matter on which

each such witness is expected to testify.

**RESPONSE:**
I don't have the witnesses name here in the CReST Program. I have their names home where my clothes are.

**INTERROGATORY NO. 21:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**
At this time I can't state the expert witnesses.

**INTERROGATORY NO. 22:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**
At this stage I don't have all the names in my possession. Must wait to go home to obtain names, places, and dates.

- 20 -

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All documents requested to be identified in the

Interrogatories set forth above.

**RESPONSE:**

Sending in Response

**REQUEST NO. 2:**    All documents reviewed, relied upon or used in

responding to the Interrogatories set forth above.

**RESPONSE:**

Sending in Response

**REQUEST NO. 3:**    Any and all documents, medical reports, notes,

reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance

reports, or any other medical records, whether generated prior to, on or following April 1,

2006, which detail any injury you claim you suffered as a result of allegedly being denied

the ability to proceed in the parole process.

**RESPONSE:**

Not able to send documents or medical Reports; must see medical here at Pacc;

- 21 -

**REQUEST NO. 4:** All sick call slips you filed referring or relating to

the allegations in your Complaint and the injuries you claim you suffered.

**RESPONSE:**
All Sick Call slips, Not here ind my possession.

**REQUEST NO. 5:** All grievances you filed referring or relating to the

allegations in your Complaint and/or the injuries you claim you suffered as a result of

allegedly being denied the ability to proceed in the parole process.

**RESPONSE:**
Sending a copy of Grievance

**REQUEST NO. 6:** Any and all letters, grievances, notes and/or other

documents you sent to each of the State Defendants regarding the allegations in your

Complaint.

**RESPONSE:**
Sending all copies in response.

**REQUEST NO. 7:**    Any and all documents which comprise any diary, journal, log, or other written account of the allegations in your Complaint or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

NOT having popees in my hands

**REQUEST NO. 8:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, which describe in detail your diagnosis of and treatment for any psychiatric illness.

**RESPONSE:**

ALL medical Repeets in Recoeds of medical Depaetment.

- 23 -

**REQUEST NO. 9:**    Any and all documents which support or refute your

claim that you were denied the ability to proceed in the parole process.

**RESPONSE:**
Sending in Response


**REQUEST NO. 10:**    Any and all documents which support or refute your

claim that you had "problems" with State Defendants Minor and/or Regan.

**RESPONSE:**
Sending in Response


**REQUEST NO. 11:**    Any and all documents which support or refute your

claim that the State Defendants committed an error in your parole process.

**RESPONSE:**
Sending all in Response

**REQUEST NO. 12:** Any and all documents which show how you contributed to the delay in your parole process.

**RESPONSE:**
Did not contribute in any way

**REQUEST NO. 13:** Any and all documents which support or refute your belief of how the State Defendants should have assisted you in your parole process.

**RESPONSE:**
Sending in Response

**REQUEST NO. 14:** Any and all documents which support or refute your belief of how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**
Sending in Response

- 25 -

**REQUEST NO. 15:** With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

      a.    all documents provided to or reviewed by the expert;

      b.    a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

      c.    all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

      d.    all documents upon which the expert's findings, conclusions and/or opinions are based; and

      e.    all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

(a) My paper work is not present in my hands
(b) not at this time
(c) Not at this time
(d) Not at this time
(e) Not at this time

- 26 -

**REQUEST NO. 16:** All documents you intend to introduce into evidence at the trial of this action.

**RESPONSE:**
Some documents are included in this Response

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Pamela Minor, Cheryl Regan and Raphael Williams

Dated: August 31, 2007

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on August 31, 2007, I caused a

true and correct copy of the attached *State Defendants Pamela A. Minor, Cheryl Regan*

*and Warden Raphael Williams's Combined First Set of Interrogatories and Requests*

*for Production of Documents Directed to Plaintiff* to be served on the following

individual in the form and manner indicated:

### NAME AND ADDRESS OF RECIPIENT(S):

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Plummer Community Correctional Center
38 Todds Lane
Wilmington, DE 19802

### MANNER OF DELIVERY:

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

**Discovery Documents**
1:06-cv-00791-SLR Bruton v. Minor et al
PaperDocuments

## U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Tross, Erika on 8/31/2007 at 11:01 AM EDT and filed on 8/31/2007

| | |
|---|---|
| **Case Name:** | Bruton v. Minor et al |
| **Case Number:** | 1:06-cv-791 |
| **Filer:** | Pamela A. Minor |
| | Raphael Williams |
| | Cheryl Regan |

**Document Number:** 27

### Docket Text:
INTERROGATORIES Propounded to Raymond L. Bruton by Pamela A. Minor, Cheryl Regan, Raphael Williams.(Tross, Erika)

### 1:06-cv-791 Notice has been electronically mailed to:

Erika Yvonne Tross    Erika.Tross@state.de.us

### 1:06-cv-791 Notice has been delivered by other means to:

Raymond L Bruton
SBI #069025
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/31/2007] [FileNumber=437905-0]
[5170d36221a92fe5ab19b8059cca941c9692ef4fce7c6fc00c281f655e59a293b7f8
bd7aeb52a34ceff4b0747933e99167319fbee6b87744a54d95826a53d867]]

To: MS. C. Pettyjohn, Classification
Treatment Department:

From: Raymond L. Bruton, SBI # 069035

Date: April 9, 2006:

RE: M.D.T. Classification:

Dear MS. Pettyjohn;
    May this letter arrive to find you in good
spirits.
        MS. Pettyjohn, Per me. Johnson's Con-
versation with you on Friday, April 7, 2006,
I am Requesting that my M.D.T Hearing, the
Results be deferred from being Sent to the
Parole Board until I'm able to forefill
the Recommendations of the Parole Board
from their Last meeting of February 8, 2005,
which are to develope a plan for continued
Mental Health, violent offender, and
Anger management counseling.

CC: Parole Board:

Yours Truly,
Raymond L. Bruton

5

To: Mrs. Pamela A. Miner, Treatment Administrator

From: Raymond L. Bruton

Date: June 26, 2006

RE: Reply to Memorandum

Dear Mrs. Miner,

On April 25, 2006, I did request my classification for the up coming Parole Board to be deferred, allowing me the opportunity to participate in AVP, to include Anger Management Counseling Group, and Violent Offender Group. Whereas, you had the opportunity from April 25, 2006, until June 24, 2006, to facilitate my completion of the AVP group, as you stated you would in April 2006.

Whereupon, in this memorandum, I received on Friday, June 23, 2006, your stating again, I quote, " that you will facilitate my enrolling in the AVP Program, however, it is unrealistic for you to accomplish this less than two months", un-quote. when this letter arrives to your office, it will be two months passed when I deferred my status.

Whereby, I'm not trying to find fault in you in anyway, and I am taking full responsibility for my actions; Therefore, at this date, June 26, 2006, I request to cancell my deferred status and move on to classification(MDT Board) without the AVP group.

However, I realize the charge (1) Delivery of Herion is not a violent offense(others concur with my evaluation in this judicial community) only I recieved and access amount of time.Further more, to wait another two months, to be placed in the AVP Program, I'm not in that state of mind, to do so, that would be a total of four months, just awaiting the AVP Program.

Therefore, I desire to be classified and moved to W-Pod, to be able to work and concentrate on my up-coming Parole Hearing, and the end of this repulsive sentence. Furthermore, living in the basement with no fresh air, no exercise, no gym, no sunshine, terrible fresh water, is very damaging to my health.

I'm praying to our sovereign God for justice and equality, to be administered from this administration which finds itself engrossed in its test of tedium of these everyday changing circumstanc also included, for you to find the opportunity to do as this letter request of you.

cc: Bureau Chief, Paul Howard
    Parole Board Chairpěrson, Dwight Holding
    Warden Raphael Williams

Sincerely Yours,

Raymond L. Bruton

## HOWARD R. YOUNG CORRECTIONAL INSTITUTION

### CLASSIFICATION/TREATMENT UNIT

## M E M O R A N D U M

TO:       Inmate Raymond Bruton, SBI#069025, Housing Unit Dorm 2

FROM:   Pamela A. Miner, Treatment Administrator

DATE:    Thursday, June 22, 2006

RE:        Response to Correspondence

Writer is in receipt of a letter from you **"requesting to move forward", about AVP being clogged up (?), and regarding me not keeping my promise (?).**

In your letter dated April 25, 2006, **you** asked that your classification for the Parole Board be deferred, allowing you to participate in AVP to include anger management counseling group and violent offender group. My e-mail to the Bureau Chief, Parole Board Chairperson, and Warden simply cited the anticipated completion of Key in June 2006, and **your** request to defer your parole hearing. While I will facilitate your enrolling in the AVP program, it is unrealistic to expect to accomplish this in less then two months. Perhaps instead of trying to find fault with me, you should take responsibility for your own actions. Likewise, I dispute your statement that I have you in a no win situation. As I recall, you got what you asked for.

PAM

Cc:  Kim Nye
      File

7



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Raymond Bruton, 00069025*
          *2E Pod*

*FROM:*    Warden Raphael Williams

*DATE:*    *August 15, 2006*

*SUBJ:*    **YOUR RECENT CORRESPONDENCE**

    *Your correspondence has been forwarded to Pam Minor, Treatment Administrator, for review and response.*

*RW:adc*

## *DISTRIBUTION*

*Pam Minor, Treatment Administrator*
*File*

cc :

ß

## HOWARD R. YOUNG CORRECTIONAL INSTITUTION

### CLASSIFICATION/TREATMENT UNIT

## **M E M O R A N D U M**

TO:        Inmate Raymond Bruton, SBI# 069025, Housing Unit 2Q    $\partial$ |

FROM:    Pamela A. Minor, Treatment Administrator

DATE:    Wednesday, September 13, 2006

RE:        Response to Correspondence

This morning, while in the East side Law Library, you approached writer, asking that I place your name on the list for the Alternative To Violence Program (AVP). I have informed the appropriate staff person to ensure that your name is added to the list. It was explained that the "Basic" course is not offered every month; however, when the next "Basic" class is scheduled, you will be included. Writer is making such a request to comply with the order of the Board of Parole, noting that you could not attend the class when previously scheduled.

PAM

Cc: File

$\mathcal{G}$

**Howard R. Young Correctional Institution**

Memorandum

Received on 9/20/06

To:     RAYMOND BRUTON, 2Q-21

From:   Ms. Jean Booker,
        Volunteer Services Administrator

Date:   September 15 2006

Subject: Alternatives To Violence Project (AVP) Basic Workshop
         September 29, 30, October 1, 2006

        You have been selected from the AVP waiting list to attend the upcoming Basic AVP seminar to be held in the Education area on Friday evening, 9/29/06, from 18:00 to 21:00 hours, and on Saturday, 9/30/06, and Sunday, 10/01/06, from 07:30 to 15:45 hours  Attendance is voluntary. However, should you wish to attend you must participate all three days to receive your certificate, and you will not be permitted to receive visits that weekend.

        To be placed on the memo for the seminar please respond using the attached form no later than Wednesday, 9/20/ 2006.   The seminar will be filled on a first come basis. If you are unable to attend but wish to remain on the waiting list you must also return the form below.  Your name will be retained on the waiting list for future seminar dates. Your cooperation is appreciated.

10

TO: MRS. Pamela A. Minel, Treatment Administrator

From: Raymond L. Beuton

Date: October 1, 2006

RE: Parole Date

Dear Mrs. Minor;

On October 1, 2006, I was Successful at completing the (AVP) Basic Work Shop. I rec'd the certificate and I am scheduled for the advanced class, which will be scheduled somewhere in the month of November 2006.

Whereas, with this accomplishment, is it fair for me to assume, I will be classified and promptly place for a review before the Parole Board?

Furthermore, I appreciate your assistance, and I realize this matter could not have been finalize without your direction, Thank you.

Tuesday, October 3, 2006
By copy of this letter, I will request
that a counselor follow-up, and review
your status with you.
    -Pamela A. Minor

Yours Truly,
Raymond L. Bruton

CC:

11

TO: MRS. Pamela A. Minor,
   Classification Treatment Unit

FROM: Raymond L. Berton

Date: October 17, 2006

RE: Classification & Parole Date

Dear MRS. Minor;
   No counselor has seen me, as of the date
of this note. Is there something wrong?

Thursday, October 19, 2006
To my knowledge, consideration
for a Pre-Parole staffing has
not been initiated, since you opted
to have your Parole deferred.
I am aware that you did the AVP
Beginners workshop; therefore, your
case will be reviewed to see where
we go from here.
   -Pamela A. Minor

Yours Truly,
Raymond L. Berton

cc:

12

To: MRS. Reagan

From: Raymond L. Beuton

Date: October 22, 2006

RE: My Parole Date & Classification

Dear mrs Reagon;
    Enclosed is a Letter Written to mrs minter
on October 5, 2006, With her Reply Written at
the bottom of the page.
    Mrs. Reagon, I am trying to move For-
ward in my haste to proceed to the parole Board.
However, I First must have and MDT Hearing.
Would you please place me on your List
to see on 2Q-Pod.

                                    Yours Truly,
                                    Raymond L. Buton

cc:

13

TO: MRS. Pamela A. Minor; Administrator of Treatment

FROM: Raymond L. Benton

Date: October 29, 2006

Tuesday, October 31, 2006
I believe that you addressed this matter
in a previous letter, and my response
was that the appropriate staff would
meet to assess your status, and act
in accordance to procedure. I suggest
that you be cooperative and patient
throughout this process.
        Pamela A. Minor, Treatment Administra

RE: Parole Date

Dear Mrs. Minor;
    I wrote to you on two occasions, this month of
October, 2006. I informed you I completed the AUP
Group, and as you mention in your reply note, I did
defer my MDT Hearing until I completed the AUP
Group, that was completed on Oct. 1, 2006, the day I
wrote you my First Letter.
    Whereas, Nothing should be delaying my MDT
Hearing at this date and time.
    Please, Mrs. Minor, place my Name be Fore the
MDT Board, For a hearing as Soon as possible.

CC: Warden Williams

                        Sincerely,
                        Raymond L. Benton

14



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Raymond Bruton, 00069025*
           *Q Pod*

*FROM:*    *Warden Raphael Williams*

*DATE:*    *October 30, 2006*

*SUBJ:*    **YOUR RECENT CORRESPONDENCE**

      *Your correspondence has been forwarded to your unit counselor, Ms. Cheryl Regan, for review and any action deemed appropriate. I do not become involved in individual cases.*

*RW:adc*

### *DISTRIBUTION*

*Ms. Cheryl Regan, Unit Counselor*
*File*

/O

Raymond L. Beuton
SBI #069025 Unit 2Q-Pod
H.R.Y.C.I., P.O.Box 9561
Wilmington, DE 19809

November 20, 2006

Mr. Stanley W. Taylor Jr.
Commissioner of Prison
Bureau of Prisons
245 McRee Road
Dover, Delaware 19904

RE: Parole Hearing

Dear Mr. Taylor;
On April 26, 2006, I requested my classification for the up-coming Parole Board to be deferred, allowing me the opportunity to participate in a AUP, Anger Management counseling Group.
The reason being, Ms. C. Pettyjohn would not vote in my favor to make parole at the MDT-Hearing because I had not completed the requested Anger Management Group, which was requested by the Board of Parole, In turn, the entire MDT Board decided not to vote in my favor.
Mr. Taylor I did the only thing left open to me, Complete an Anger Management Group. I deferred my MDT Classification until I had completed the wishes of the Parole Board and the MDT Board.

Page 2.

On or about May or June 2006, MS. Pettyjohn Trans-Ferred to the Delaware Correctional Center, working on the classification Board.

I have since directed my contact to mes. Pamela A. Minor, treatment Administrative.

Whereas, I have completed the AUP Group, as of October 1, 2006. I have written (4) Letters to mes. Pamela A. Minor, and (2) Letters to ms. Cheryl Regan Unit Counselor.

MS. Regan would not reply to my Letters. And mes. Minor has told me, I quote in her Last Response on Tuesday, October 31, 2006, I believe that you addressed this matter in a previous Letter, and my Response was that the appropriate staff would meet to assess your status, and act in accordance to procedure. I suggest that you be cooperative and patient throughout this process. Pamela A. Minor, Treatment Administrative:

Mr. Taylor my due process is being violated and I'm tired of being told anything and Nothings being done. I am very aware of my rights, what is being done to me is wrong, Mr. Taylor.

I hope to hear from you on this issue.

cc;

Yours Truly,
Raymond L. Bruton

17

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: _H. R. Y. C. I_

GRIEVANT'S NAME: _Raymond L Beiton_

CASE#:_____

HOUSING UNIT: _2 Q-Pod_

DATE: _11/21/06_

SBI#: _069025_

TIME OF INCIDENT: _11; o clock AM_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_I/M Beiton has defilled the MJT Board's classification
and I/m had completed the AUP program, around or about April 26,
2006. As of the month of October 1, 2006, I'm has completed the
AVP Program and has asked Counselor Cheryl Legan and her Superior
Mrs. Pamela A. Minor, Treatment Administratore to Lift the defelled
status and proceed on to I/m Parole Date and Hearing, Counselor Cheryl
Legan will not answer his Letters, and Mrs Minor keeps informing I/m
that some special operation must be completed which I/m has not the
slightest clue of what she is referring to._

ACTION REQUESTED BY GRIEVANT: _Investigate and Find out why Mrs Pamela A.
Minor and MS Cheryl Legan will not allow I/m Beiton to proceed
on to his MJT classification and to get a Parole Date and attend
his soon to be scheduled Parole Hearing. I'm Due Process is being
denied to him, the months are flying by._
_(With this delay)_

GRIEVANT'S SIGNATURE: _Raymond L Beiton_          DATE: _11/22/06_

CC:

WAS AN INFORMAL RESOLUTION ACCEPTED?          _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____          DATE:_____

**IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

cc: **INSTITUTION FILE**
   **GRIEVANT**

April '97 REV

18

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
**OFFICE OF THE GRIEVANCE CHAIRPERSON**
1301 E. 12TH STREET
WILMINGTON, DE 19801

**MEMORANDUM**

TO:        Inmate _Raymond Britton_  ∂Q∂/

FROM:     Sgt. Moody, Inmate Grievance Chairperson

DATE:     _11/28/06_

RE:        YOUR RECENT GRIEVANCE #06- _80944_

This memo is to inform you that the grievance submitted by you dated _11/22/06_, regarding
_Classification_ is not grievable for the following reason(s):

____ The complaint was addressed by the IGC: _____.

____ Security issue (involves the security and/or staffing of the Institution and/or the safety, health, and/or
     welfare of inmates, staff and the public).

✓ Classification issues (security classification, jobs, transfers, programs, housing unit assignment).
     Classification has its own appeal process. The inmate must write to the Treatment/Classification Unit
     within seven (7) days after the inmate receives the Classification decision. The letter must state that
     the inmate is appealing the classification and clearly indicate the reasons the inmate disagrees with
     the classification decision.

____ Disciplinary issue. Disciplinary actions cannot be grieved but must be APPEALED within 24 hours
     of the Class I or Class II Hearing Decision. Complete an appeal form and mail it to the facility
     Hearing Officer within 24 hours of receiving the form. Please note that 24 loss of all privileges cannot
     be appealed.

____ Parole Board Decision. The inmate must write a letter to the Parole Board within 30 days of the
     Board's decision. Expressing the desire to appeal the decision and listing the reasons. The Parole
     Board's address is: Board of Parole, Carvel State Office Building, 820 N. French Street, 5th Floor,
     Wilmington, DE 19801.

____ Inmates cannot request or demand disciplinary action on staff. If you have a complaint regarding
     staff write a letter to that person's supervisor. In this case, that is:

____ This is an issue/complaint that has already been grieved by you or another inmate._____.

____ Grievance is unacceptable because it has passed the seven (7) day time frame allotted to file a
     grievance.

____ The grievance is a photocopy, carbon copy, written in pencil or red ink. Original grievance forms
     must be written in black or dark blue ink.

____ This complaint is addressed in the Inmate Handbook. Refer to the handbook page _____
     for clarification and/or direction.

cc:

/9

To: Warden Raphael Williams IV

From: Raymond L. Bruton

Date: November 23, 2006

RE: Moving Forward To my Parole Hearing

Dear Warden Williams;

I am giving thanks to being alive an well on ThanksGiving Day, an I pray this day was wholesome and a blest day From God, For you an your Family.

Warden Williams, I have a problem with Mrs. Pamela A. Minee, denying me my MDT Classification and delaying my Parole Date and Hearing For as Long as she possibly can,

I wrote to my Counselor, Ms. Cheryl Regan (2) Letters, No reply; I wrote to Mrs. Minee, She replied by a note on (3) occasions, Nothing has been accomplished.

In the month of June 2006, I asked Mrs. Minee to allow me to proceed to the Parole Board without the Completion of the AVP Group, She Refused me my request, about my Parole Hearing!!

Now, I have completed the requested AVP Program and Mrs. Minee still Refuses to allow me to move Forward to my MDT Hearing, which I will From

page 2

that process, move to my Parole Hearing.
Warden Williams, on October 30, 2006, I Received
a Reply to my Letter From you, and you stated in
your Correspondence, you Forwarded my Letter to
my Counselor, Ms. Cheryl Regan, For Review and
any action deemed appropriate. And, how you do not
become involved in individual cases.

Warden Williams, you are the head Man in charge
of this Institution, when you say jump, your complete
staff, can "only" say how high. I have brought to
your attention a problem I am having with your
staff. Its quite obvious, on their own initiative they
are doing what they deem Necessary, denying me my
Constitutional Rights to my Parole Hearing.

Warden Williams, the only outlet I have left is
the Courts, however, I wanted to give you the op-
portunity First, with this Letter, to get involved with
your staff, to Find out exactly what the problem is.
Have a Wonderful Holiday Season.

cc:

Yours Truly,
Raymond L. Bruton

21



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*        *Raymond Bruton, 00069025*
             *Q Pod*

*FROM:*      *Warden Raphael Williams*

*DATE:*      *November 27, 2006*

*SUBJ:*      ***YOUR RECENT CORRESPONDENCE***

*It is my understanding that your parole paperwork was started while in the Key Program, but it was deferred pending completion of Key and Anger Management. Both Ms. Regan and Ms. Minor are aware of your request to move forward with the parole application. It is further noted that both these individuals have responded to you in writing and Ms. Regan has been approached by you on several occasions while on the housing unit. I suggest you be patient.*

*RW:adc*

### *DISTRIBUTION*

*File*

To: Warden Raphael Williams IV

From: Raymond L. Beaton

Date: December 3, 2006

RE: Reply To Correspondence

Dear Warden Williams;
   I Received your Reply to my Correspondence
For your assistance on 11/12/06.
   Warden Williams Contrary to the under standing
ms. Regan and mrs. Minor are seemingly exhibiting
and demonstrating.
   On one occasion I spoke to ms. Regan, asking
her while I was in the medication Line, was she
going to 2Q-Pod to inter view Raymond Beaton,
she said "NO" that has been the extent of any in-
volvement with me to ms. Regan.
   mrs. Minor acts as if I must seek her per-
mission to obtain a Parole Hearing before the Board
of Parole, Again I state, mrs. Minor is violating
my Constitutional Rights to my Parole Hearing.
This is Totally my choice to go before the Board of
Parole. The U.S. Senate in Washington DC has
given this Constitutional Process to all person
whom have a Parole Hearing.

23

MRS. Minter has NO authority to tell me yes
or No when I'm to have a hearing. ALL that is
Require of her and her staff, prepare a table re-
port From the MDT Hearing and Nothing more.
    However, she has told me when I Requested
of her to ignore the AUP Program, that I wanted
To preCeed on to the Board of Parole, she denied
me my own decision. MRS. Minter has Taken Full Cont-
Trol of this pocess which she has NO constitutional
Right to do so. Wilkinson v. Dotson, cite as 125 S.Ct
1242 (2005) speaks on my Parole- eligibility proceed-
ings and Parole Suitability proceedings. whatever
MRS. Minter and MS. Regan are doing makes No Sense
to me, and I am the one who should be told of what
where and how about this pocess.
    Some one Needs to step Forward and inform
MRS. Minter and MRS Regan.

cc:
                                    Yours Truly,
                                    Raymond L. Bruton



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*        *Raymond Bruton, 00069025*
            *Q Pod*

*FROM:*    *Warden Raphael Williams*

*DATE:*    *December 4, 2006*

*SUBJ:*    *YOUR RECENT CORRESPONDENCE*

    *I can only alert Ms. Minor to your request and ask her to review your case and take the appropriate action.*

*RW:adc*

## *DISTRIBUTION*

*Pam Minor, Treatment Administrator*
*File*

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

RAYMOND L. BRUTON
       Plaintiff

V.

PAMELA A. MINOR,et,al
       Defendant(s)

# APPLICATION TO PROCEED
# WITHOUT PREPAYMENT OF
# FEES AND AFFIDAVIT

CASE NUMBER:

I, Ray mond L. Bruton _____ declare that I am the (check appropriate box)

• ✗ Petitioner/Plaintiff/Movant        • • Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently incarcerated?        • ✗Yes        • •No        (If "No" go to Question 2)

      If "YES" state the place of your incarceration  H.R.Y.C.I., _____

      **Inmate Identification Number (Required):** SBI# 069025 _____

      Are you employed at the institution?  no  Do you receive any payment from the institution?  no

      *Attach a ledger sheet from the institution of your incarceration showing at least the past six months' transactions*

2.    Are you currently employed?        • •Yes        • ✗No

      a.    If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your employer.

      b.    If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.    In the past 12 twelve months have you received any money from any of the following sources?

      | | | Yes | No |
      |---|---|---|---|
      | a. | Business, profession or other self-employment | • • Yes | • ✗ No |
      | b. | Rent payments, interest or dividends | • • Yes | • ✗ No |
      | c. | Pensions, annuities or life insurance payments | • • Yes | • ✗ No |
      | d. | Disability or workers compensation payments | • • Yes | • ✗ No |
      | e. | Gifts or inheritances | • • Yes | • ✗ No |
      | f. | Any other sources          family | • • Yes | • • No |

      If the answer to any of the above is "YES" describe each source of money and state the amount received *AND* what you expect you will continue to receive.

## Certificate of Service

I, _Raymond L. Beuton_, hereby certify that I have served a true and correct cop(ies) of the attached: _Peoduction of Documents to_

_Defendants_ upon the following

parties/person (s):

TO: _Erika Y. Tross (#4506)_       TO: _____

_Deputy Attorney General_          _____

_Delaware Department of Justice_    _____

_Carvel State office Building_      _____

_820 N. French Street, 6th Floor_   _____

_Wilmington, DE 19801_

TO: _____               TO: _____

_____                   _____

_____                   _____

_____                   _____

_____                   _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the ~~_____~~ _Plommer Community Correctional Center, 38 Todds Lane 19802_

On this _14_ day of _January_, 200**8**

_____

OFFice oF the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, Delaware 19801-3570

Wilmington DE 19802