**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-791-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| MRS. PAMELA A. MINOR, MRS. | ) | |
| CHERYL REGAN, MR. STANLEY W. | ) | |
| TAYLOR, and WARDEN RAPHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**APPENDIX TO OPENING BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
      Attorney for Defendants Pamela Minor,
      Cheryl Regan and Raphael Williams

Dated: February 7, 2008

# TABLE OF CONTENTS

**Document Description**                                                                 **Page**

Plaintiff Raymond L. Bruton's Complaint (without attachments) ...................    A000001

Plaintiff's Motion for Preliminary Injunction and Opening Brief In Support ......    A000008

Defendants Pamela Minor, Cheryl Regan and Raphael Williams's Response in
Opposition to Plaintiff's Motion for Preliminary Injunction (without exhibits) ...    A000015

Memorandum Order denying Plaintiff's Motion for Preliminary Injunction .......    A000029

Defendants' Answer to Plaintiff's Complaint .........................................    A000031

Plaintiff's Responses to Defendants' Combined First Set of Interrogatories and
Requests for Production of Documents (without produced documents) ............    A000038

Affidavit of Pamela A. Minor ..........................................................    A000065

Level 5 Offender Status Sheet for Raymond L. Bruton ..............................    A000070

Letter from Parole Board Chairperson to Raymond Bruton dated November 20,
2002 regarding denial of request for parole .........................................    A000071

Parole Board Order for Raymond Bruton dated June 30, 2003 denying early
Parole Eligibility date .................................................................    A000072

Letter from Parole Board Chairperson to Raymond Bruton dated March 30, 2005
regarding denial of request for parole ................................................    A000073

Letter from Raymond L. Bruton to C. Pettyjohn dated April 9, 2006 regarding
request to defer MDT Hearing .......................................................    A000074

Disciplinary Report for Raymond L. Bruton dated July 8, 2006 ....................    A000075

Disciplinary Hearing Decision for Raymond L. Bruton dated July 16, 2006 .......    A000076

Memorandum from Jean Booker to Raymond Bruton dated September 15, 2006
regarding selection for AVP Basic Workshop .......................................    A000077

Letter from Raymond L. Bruton to Pamela A. Minor dated October 1, 2006
regarding request for review by Parole Board .......................................    A000078

Letter from Raymond L. Bruton to Pamela A. Minor dated October 17, 2006 regarding request to be seen by a counselor ............................................. A000079

Letter from Raymond L. Bruton to Pamela A. Minor dated October 29, 2006 regarding request for hearing before the MDT Board ................................ A000080

Memorandum from Warden Raphael Williams to Raymond Bruton dated October 30, 2006 regarding recent correspondence ................................... A000081

Letter from Raymond L. Bruton to Warden Raphael Williams dated November 23, 2006 regarding proceeding to the Parole Board .................................. A000082

Memorandum from Warden Raphael Williams to Raymond Bruton dated November 27, 2006 regarding recent correspondence and staff's awareness of Bruton's request to move forward in parole process ................................. A000084

Letter from Raymond L. Bruton to Warden Raphael Williams dated December 3, 2006 regarding proceeding to the Parole Board ........................................ A000085

Memorandum from Warden Raphael Williams to Raymond Bruton dated December 4, 2006 regarding alerting Ms. Minor to Bruton's concerns ............. A000087

Classification Decision of MDT Board dated March 7, 2007 not recommending Raymond L. Bruton for parole ......................................................... A000088

Letter from Parole Board Chairperson to Warden Raphael Williams dated July 25, 2007 regarding Parole Board voting to grant Raymond Bruton parole ......... A000089

Certificate of Parole for Raymond L. Bruton dated July 26, 2007 ................... A000090

Current Level 4 Offender Status Sheet for Raymond L. Bruton ...................... A000091

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

RAYMOND L. BRUTON,         )
                                   )
       Plaintiff,             )
                                   )
                                   )    Civil Action No. 06-791-SLR
    v.                         )
                                   )    Jury Trial Requested
                                   )
MRS. PAMELA A. MINOR, MRS.    )
CHERYL REGAN, MR. STANLEY W.  )
TAYLOR, and WARDEN RAPHAEL   )
WILLIAMS,                    )
                                   )
       Defendants.          )

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned counsel hereby certifies that on February 7, 2008, she caused a true and

correct copy of the ***Appendix to Opening Brief in Support of Defendants' Motion for Summary***

***Judgment*** to be served upon the following individual by first class mail:

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Plummer Community Correctional Center
38 Todds Lane
Wilmington, DE 19802

                                */s/ Erika Y. Tross*
                                  Erika Y. Tross (#4506)
                                  Deputy Attorney General
                                  Delaware Department of Justice
                                  Carvel State Office Building
                                  820 N. French Street, 6th Floor
                                  Wilmington, DE 19801
                                  302-577-8400

(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) RAYMOND L. BRUTON, SBI# 069025
  (Name of Plaintiff)      (Inmate Number)

_____
    (Complete Address with zip code)

(2)_____
  (Name of Plaintiff)      (Inmate Number)

_____
    (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

            vs.

(1) Mrs. Pamela A. Minor

(2) Ms. Cheryl Regan

(3) Mr. Stanley W. Taylor
      (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

:
:
:
:
:
:
:
:

    0 6 - 7 9 1
      (Case Number)
( to be assigned by U.S. District Court)

:
:
:
:
:

CIVIL COMPLAINT

:
:

&bull; &bull; Jury Trial Requested

FILED

DEC 2 7 2006

I.    PREVIOUS LAWSUITS

  A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

    Civ. No. 00ev-01032. JJF, 2000, December

_____
_____
_____
_____
_____
_____
_____

**A000001**

ADDICTIONAL DEFENDANT"S

Warden Raphael Williams
H.R.Y.C.I., P.O. Box 9561
Wilmington, DE 19809

II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  • •Yes  • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  • •Yes  • •No

C.    If your answer to "B" is <u>Yes</u>:

  1.  What steps did you take? <u>Wrote to the Warden, Wrote to the Commissioner of Prison, Stanley Taylor.Wrote a Grievance, and wrote many letters to Mrs. Minor.</u>
  2.  What was the result? <u>Everyone has advise Plaintiff to be patient.</u>

D.    If your answer to "B" is <u>No</u>, explain why not: _____

III.    DEFENDANTS (in order listed on the caption)

(1)  Name of first defendant: <u>Mrs. Pamela A. Minor</u>

Employed as <u>Administrator of Trea</u> at <u>H.R.Y.C.I.</u>

Mailing address with zip code: <u>P.O.Box 9561, Wilm. DE 19809</u>

(2)  Name of second defendant: <u>Ms. Cheryl Regan</u>

Employed as <u>Counselor</u> at <u>HR.Y.C.I.,</u>

Mailing address with zip code: <u>P.O. Box 9561, Wilmington, DE 19809</u>

(3)  Name of third defendant: <u>Mr. Stantley W. Taylor</u>

Employed as <u>Commissioner of Prison</u> at <u>245 Mckee Road</u>

Mailing address with zip code: <u>Dover, DE 19904</u>

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

**A000003**

STATEMENT OF FACTS

On April 9, 2006, Plaintiff requested of Ms. C.Pettyjohn,Class-
ification Treatment Department to defer the MDT Hearings result,
which would normally be sent to the Board of Parole, until Plain-
tiff was able to comply with the Board of Parole's recommendation
completing an Anger Management Group counseling Program.
Ms. Pettyjohn was transferred to the Delaware Correctional
Center, Plaintiff had to correspond to Ms. Pettyjohn's superior,
Mrs. Pamela A. Minor and directed Plaintiff's request to her.

Mrs. Minor the Administrator of Treatment has refused to allow
Plaintiff to move forward to his unscheduled Board of Parole Hear-
ing. Ms. Cheryl Regan counselor for 2Q-Pod and Mrs. Minor are de-
liberately with-holding the MDT Classification from Plaintiff.
Plaintiff because he requested the deferment has completed the
require    commitment by completing the AVP Group on October 1,
2006.

Plaintiff started this process in April 2006, an the New Year
is approaching and Plaintiff because of some problem with Mrs.
Minor, Treatment Administrator and Ms. Cheryl Regan, they are vi-
olating Plaintiff's constitutional rights by refusing to allow
Plaintiff to move forward to his constitutional right of having
his Due Prosess, his Parole Hearing.

On three occasions in the Month of October 2006, Plaintiff has
tried unsuccessfully to request of Mrs. Minor to allow Plaintiff
to go before the Parole Board for his review. In April 2006,
Plaintiff deferred his MDT Classification for the Parole Board
until Plaintiff had the opportunity to complete the AVP Program
because the Parole Board requested completion of an anger manage-
ment group. At this point Mrs. Minor will not allow forward move-
ment with his classification, for some unknown reason which is
not in her job authority to make a decision denying Plaintiff to
preceed to his Board of Parole Hearing.

Plaintiff states warden Raphael Williams, plaintiff wrote
letters requesting his assistance to prevent Mrs. Minor and Cheryl
Regan from the wanton violation of plaintiff's constitutional
rights to have his Board of Parole Hearing, and the Warden should
be equally held responsible for their denial of Plaintiff's right
Warden was advised of his staff's refusal to act or to give a
reason why they haven't.

Plaintiff further states Mr. Stanley W. Taylor the Commission
er of Prison, also should be held liable for the acts of his staff
because he was advised of the staff's failure to allow Plaintiff
to preceed to his Parole Hearing, however, he did absolutely no-
thing at all.

Raymond L. Bruton
Raymond L. Bruton
SBI# 069025 Unit 2Q-Pod
H.R.Y.C.I., P.O.Box 9561
Wilmington, DE 19809

Dated: December 20, 2006

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.     SEE ATTACHED STATEMENT OF CLAIM

2.     SEE ATTACHED STATEMENT OF CLAIM

3.     SEE ATTACHED STATEMENT OF CLAIM

V.   RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.     Plaintiff respectfully with prayer, request of the Court to be compensated and request puntive damages against the defendant's for deliberately refusing Plaintiff his constitutional rights to obtain his Board of Patole Hearing:

3

**A000005**

2.    Defendant's are violating Plaintiff's 5th and 14th
      Amendment Rights to the U.S. Constitution and will not
      let Plaintiff move forward even as Plaintiff has written
      and complained to everyone in authority.

3.    Plaintiff's health and welfare is being affected by the
      denial of Mrs. Minor an Cheryl Regan of Plaintiff's
      constitutional right to have his Parole  Hearing, by
      not letting him complete the  process required by the
      Board of Parole to proceed to the Board of Parole for
      Plaintiff's formal Hearing:

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  20  day of  December  2006

_Raymond L. Bruton_
(Signature of Plaintiff 1)

(Signature of Plaintiff 2)

(Signature of Plaintiff 3)

4

**A000006**



Mr. Raymond L. Bowden
SBI # 069025 Unit 20-Pd
R.Y.C.I., Po Box 9561
Wilmington, DE 19809

SURFACE TRANSPORTATION
ONLY

UNITED STATES POSTAL
$ 00.000

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND L. Bruton,                    )
                                      )
            Plaintiff,                )
                                      )
                                      ) CIV. No. 06-791-SLR
                                      )
MRS. PAMELA A. MINOR,                 )
MS. CHERYL REGAN, MR. STANLEY         )
W. TAYLOR, and, WARDEN RAPHAEL        )
WILLIAMS,                             )
                                      )
            Defendant.                )



PLAINTIFF"S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), plaintiff's
move this Court for a preliminary injunction for the reason set
forth below and in their supporting memorandum of law:

1. There is a reasonable likelihood that plantiff will prevail
on the merits.

For more than 7 months, defendants have denied plaintiff his con-
stitutional right to proceed onward to his MDT Hearing and for-
ward to his Board of Parole Hearing.

2. Plaintiff on April 9, 2006, requested of MS. C. Pettyjohn, of
the Classification Treatment Department, to defer his MDT Hearing
results being sent to the Board of Parole, allowing plaintiff the
opportunity to forefill the recommendations of Board of Parole's
February 8, 2005, m eeting.

3. Ms. C. Pettyjohn, whom was plaintiff's Counselor was trans-
ferred to Delaware Correctional Center, which was a step-up in he
career move. Plaintiff completed the Key Program on or about May
15, 2006.

4. Upon Ms. C. Pettyjohn's transfer, Mrs. Pamela A. Minor, Treat-
ment Administrator had taken the duties of Ms. Pettyjohn upon her
case load. Plaintiff has become un-stisfied with Mrs. Miners ob-
jective out look regarding his Board of Parole procedures.

5. After plaintiff was moved from the Key Program to 1-E Pod for disciplinary reasons and then moved to 2-E Pod, then to 2Q-Po Mrs. Miner and Ms. Cheryl Reagon, plaintiff's counsler on 2Q-Pod, in so doing, defendant's, have acted with deliberate indifference to a substantial risk of serious harm, in violation of plaintiff's rights under the Eight Amendment.

6. There is a substantial threat of irreparable harm if the injunction is not granted. As a result of their constant refusal to allow plaintiff to have his MDT Hearing, and to confine plaintiff on 2Q-Pod which is considered a Pod for trouble makers, plaintiff has suffered and continue to suffer serious physical and mental i injuries. Any remedy at law for plaintiff's injuries would be inadequate.

7. The threatened injury to plaintiff out-weighs any harm the pro posed injunction may cause defendant's. The relief that plaintiff seek is an order compelling fefendants to perform their preexisting duties under the U.S. Constitution. To the contrary, the pub lic interest is well served by protecting the constitutional rights of all its members.

WHEREFORE, plaintiff request that upon consideration of this motion and the supporting Memorandum of Law, this Court Order defendants successors, agents, employees, and all persons acting in concert with them to provide plaintiff with a MDT Hearing and send the results to the Board of Parole, which will allow plaintiff to recieved a Parole Date, and onward to a scheduled Board of Parole Hearing.

Respectfully Submitted, this 22nd day of January, 2007.

*Raymond L. Bruton*

Raymond L. Bruton

**A000009**



WILMINGTON DE 197

23 JAN 2007 PM 3 L

F/n Raymon D. L. Benton
SBI #00590357 Unit 2Q-9d
#L 9XCPY
P.O. Box 9561
Wilmington, Delaware 19809

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,                    )
                                      )
         Plaintiff,                   )
                                      )
                                      )    CIV. No. 06-791-SLR
                                      )
MRS. PAMELA A. Minor,                 )
MS. CHERYL REGAN, MR. STANLEY         )
W. TAYLOR, and. WARDEN RAPHAEL        )
WILLIAMS.                             )
                                      )
         Defendant.                   )



FILED

JAN 2 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

PLAINTIFF SUBMIT THIS  Memorandum of law in support of their moti

for a preliminary injunction.

In determining whether a preliminary injunction should issue, a

Court must consider whetherr the party seeking the injunction has

demonstrated that:

(1) it has a reasonable likelihood of success on the merits of

the underlying claim; (2) no adequate remedy at law exists; (3)

it will suffer irreparable harm if the preliminary injunction is

denied. (4) the irreparable harm the party will suffer without in

junctive relief is greater than the harm the opposing party will

suffer if the preliminary injunction is granted; and (5) the pre-

liminary injunction  will not harm the public's interest.

I.   There is  a reasonable liklihood that plaintiff's will succ-

ceed on the merits in this case.

The Third Circuit Court Of Appeals in 2005, brought to plaintiff'

attention Wilkinson v. Dotson , cite as 125 S.Ct. 1242 (2005).

ionality of their parole-eligibilty proceedings and parole- suit-
ability proceedings were not collateral attacks on duration of
their confinement required be raised in Habeas Corpus proceedings
rather than in action under 1983 seeking declaratory and injunc-
tive relief; although prisoners sought relief that would inva-
lidate state  procedures used to deny parole eligibility  and
suitability, neither sought an injunction, ordering his immed-
iate or speedier release into the Community, 28 U.S.C.A. 2254 (a)
U.S.C.A. 1983.

Here, plaintiff has the constitutional right to request a parole
hearing in accordance with the parole authority and procedure as
stipulated in 11 Del. C. 4347, revised July 1, 1992.

Here, as plaintiff's verified complaint shows, plaintiff has been
denied access to the MDT Board to complete the process which will
allow plaintiff  to proceed to the Board of Parole after the MDT
Board forwards it decision to the State Board of Parole.

Here, defendant's has decided to control and deny plaintiff's his
constitutional right to a Parole Hearing.

Here, plaintiff is allowed by the Parole Boards Order that plain-
tiff would be eligible to be reheard for parole consideration
upon successful completion of the Key Program. In addition, there
must be a resollution of instutional write-ups. Plaintiff may
file a new application for parole consideration in accordance
with the parole authority and procedure as stipulated in 11 Del
C . 4347, revised July i 1992.

Here, defendant's has decided that plaintiff's parole procedures
are within their control. Defendant's has completely ignored the
fact why plaintiff had the MDT Board's decision defferred, be-
cause he lack the completion of an AVP Program. Once plaintiff
had accomplished and remedied that requirement, plaintiff lifted
his defferred status and tried to move forward to his parole date
and Board of Parole Hearing, defendant's know they do not have th
legal right or authority to deny plaintiff's access to the MDT
Board , nevertheless, defendant 's have failed to respond reason-
ably. They have refused to provide plaintiff with a MDT Hearing.
Their refusal amounts to deliberate in difference, in violation
of plaintiff's rights under the Eight Ammendment. And defendant's
are in violation of plaintiff's 14th Ammendments of his due pro-
cess and the 5th Ammendments to the Federal U.S. Constitution.
II Plaintiff face a SUBSTANTIAL THREAT OF IRREPARABLE HARM:
Irreparable harm will result unless an injunction is granted in
this case. As a result of being denied an opportunity to move
forward to the MDT Board Hearing, plaintiff is a Chronic High
Blood user of medicine. The infirmary has been diagnose by the
Federal U.S. Department of Justice, Civil Rights Division,from
Washington, DC., mention how terrible these Delaware prisons are
being run. The water is being drank by the inmate population, how
ever, the officers here are advised to not drink the water or
eat the food at this facility. Plaintiff has the opportunity to
leave this institution and defendant's through their ill advised
decisions are denying  plaintiff his constitutional right to go

before the parole board.

Here, the water plaintiff shower with is causing skin problems beyond plaintiff's imagination. Plaintiff has the Constitutional right to expect parole, and not to be denied his right because of anger  and hatered directed to plaintiff from DOC employees and agents.

Conclusion;

For these reasons, plaintiff asks this Court to Order defendant's their successors, agents, employees, and all persons acting in concert with them to provide plaintiff at this institution, H. R. Y. C. I., with the MDT Hearing that they have been denying, and to give the results of that hearing to the Board of Parole, immediately.

Respectfully Submitted, this 22nd day of January 2007

*Raymond L. Bruton*

RAYMOND L. BRUTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-791-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| MRS. PAMELA A. MINOR, MRS. | ) | |
| CHERYL REGAN, MR. STANLEY W. | ) | |
| TAYLOR, and WARDEN RAPHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS PAMELA A. MINOR, CHERYL REGAN
AND WARDEN RAPHAEL WILLIAMS'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [RE: D.I. 6 & 7]**

COMES NOW, State Defendants Pamela A. Minor, Cheryl Regan and

Warden Raphael Williams (the "State Defendants")[1], by and through their undersigned

counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion for

Preliminary Injunction (the "Motion") (D.I. 6 & 7). In support of the Response, State

Defendants state as follows:

1.     Plaintiff Raymond L. Bruton, Sr. ("Bruton" or "Plaintiff") is an

inmate presently incarcerated at Howard R. Young Correctional Institution ("Howard

Young"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.     Bruton's present incarceration began on March 15, 2000 for

charges of Violation of Parole for delivery of heroin and Violation of Parole for escape

---

[1] There is no indication that Defendant Stanley Taylor has been served, waived service or
waived his right to respond. Therefore, Stanley Taylor is not a party to this Response.

after conviction. Bruton was given a sentence of twelve (12) years, seven (7) months, and nineteen (19) days. According to his current offender status sheet, Bruton's sentence ends on November 2, 2012. (Ex. A).

       3.     Several years prior to filing this lawsuit, Bruton began the process of petitioning the Delaware Board of Parole (the "Parole Board") for release to parole supervision. On November 19, 2002, the Parole Board met for a decision on Bruton's parole request. The Parole Board denied Bruton's request by a vote of 4 to 0 based upon Bruton's inability to accept responsibility for his offense, his substance abuse history, his disruptive institutional behavior, and the fact that the institution where he was housed did not recommend parole. (Ex. B). The Parole Board informed Bruton that he would be eligible for parole consideration again "at anytime after the expiration of twenty-four (24) months." (*Id.*). Thus Bruton was eligible to be reheard for parole on or after November 2004. (*Id.*).

       4.     Despite the Parole Board's order that he was eligible for parole after November 2004, Bruton impatiently applied for an early parole eligibility date in 2003. (Ex. C.). In an order dated October 29, 2003, the Parole Board denied Bruton's request for an early parole eligibility date and ordered Bruton to reapply at his regular parole eligibility date of November 2004. (*Id.*).

       5.     On February 8, 2005, the Parole Board met again for a regular parole hearing to determine whether to release Bruton to parole supervision. By letter dated March 30, 2005, the Parole Board Chairperson informed Bruton that the Parole Board denied his request for parole by a vote of 5 to 0 because of Bruton's prior failure of parole/probation, significant criminal history, substance abuse history, inability to accept

- 2 -

responsibility for his offense and disruptive institutional behavior. (Ex. D). The Parole Board recommended that Bruton, "work with [his] counselor to develop a plan for continued mental health, violent offender, and anger management counseling." (*Id.*). The Parole Board also ordered that Bruton could petition again for parole consideration upon successful completion of the Key Program and resolution of his institutional write ups. (*Id.*).

6.      In August 2005 the Delaware Correctional Center ("DCC") transferred Bruton to Howard Young where he entered into the Key Program as required by the Parole Board. (Ex. E - "Minor Affidavit" at ¶ 6).

7.      In April 2006, prior to his completion of the Key Program, Bruton drafted a letter requesting deferral of his next parole hearing. (Ex. F). Bruton's request was based on his belief that he had not completed the requirements established by the Parole Board in 2005. (*Id.*). Defendant Minor verified Bruton's request to defer with him and then informed the Parole Board Chairperson of Bruton's request to defer. (Minor Affidavit at ¶ 7).

8.      Bruton completed the Key Program at Howard Young on May 26, 2006. (Minor Affidavit at ¶ 8).

9.      On July 8, 2006, Bruton received a write up for institutional misconduct. (Ex. G). Eight days later, on July 18, 2006, Bruton received a disciplinary hearing on his write up and was found guilty of disorderly/threatening behavior. As a result Bruton received a sanction of 30 days in administrative segregation. (*Id.*).

10.     While Bruton was in administrative segregation, the Alternative to Violence Project ("AVP") began its Basic workshop on July 14, 2006. Because Bruton

- 3 -

was serving a disciplinary sanction for his institutional misconduct he was unable to participate in the July AVP Basic workshop. (Minor Affidavit at ¶ 9). Thus Bruton had to wait until the next scheduled workshop to enroll in AVP.

11.    In late September-early October 2006, after his release from administrative segregation, Bruton was scheduled to attend another AVP Basic workshop. (Ex. H). Bruton completed the AVP Basic workshop on October 1, 2006. (Minor Affidavit at ¶ 10). That same day Bruton sent a letter to Defendant Minor asking her if he was going to receive a review by the Parole Board. Defendant Minor responded to Bruton's inquiry informing him that she would request that a counselor review his case status with him. (Ex. I).

12.    Impatient to hurry the process along, Bruton sent Defendant Minor, in the course of a few weeks, several more letters expressing his desire to immediately be seen by the MDT Board and the Parole Board. (Exs. J and K). Defendant Minor informed Bruton that his request to defer his parole hearing had caused a delay and that a staff member would review his case status with him. (Minor Affidavit at ¶ 10-12; Exs. J and K).

13.    In his quest to have his wishes granted immediately, Bruton ignored Defendant Minor's responses and her requests for him to be patient. Instead, on December 27, 2006, Bruton filed a Complaint initiating the above-captioned litigation. In his Complaint Bruton alleges that the Defendants violated his due process rights by refusing to allow him to move forward with his MDT Board hearing and his Parole Board hearing. (D.I. 2). On January 24, 2007, less than one month after filing his Complaint, Bruton filed the Motion for Preliminary Injunction.

- 4 -

14.     At no time between the Parole Board's decision in 2005 and the filing of his Complaint or his Motion for Preliminary Injunction did Bruton complete an anger management class as recommended by the Parole Board. (Minor Affidavit at ¶ 13).

15.     Moreover, between the time of the Parole Board's 2005 decision and the filing of his Complaint and his Motion for Preliminary Injunction, Bruton incurred three (3) Class 1 write ups and one (1) twenty-four hour loss of all privileges for institutional misconduct in violation of the Parole Board's recommendations. (Minor Affidavit at ¶ 13).

16.     On March 7, 2007, prior to Bruton serving the State Defendants with the Complaint[2], the Multi-Disciplinary Team ("MDT") Board at Howard Young held a hearing, in accordance with procedure, to determine its recommendation to the Parole Board regarding Bruton's request for parole. At the hearing the MDT Board voted 3 to 0 not to recommend Bruton for parole. (Ex. L). The MDT Board based its decision on Bruton's failure "to abide by previous Parole Board recommendations." (*Id.*). The MDT Board also found that Bruton still does not take responsibility for his offenses. (Minor Affidavit at ¶ 14). A pre-parole report that included the MDT Board's recommendation to deny parole was then sent to the Parole Board. (Minor Affidavit at ¶ 15).

---

[2] Defendant Williams was served with the Complaint on May 16, 2007. Both Defendant Minor and Defendant Regan were served with the Complaint on May 21, 2007.

17.    On March 28, 2007 the Parole Board received Bruton's pre-parole report. (Minor Affidavit at ¶ 16). Since receiving the pre-parole report, the Parole Board has scheduled Bruton for a parole hearing that will take place within the coming months.[3]

18.    By his Motion for Preliminary Injunction, Bruton asserts that the Defendants have "denied plaintiff his constitutional right to proceed onward to his MDT Hearing and forward to his Board of Parole Hearing." (Motion for Preliminary Injunction at ¶ 1). State Defendants contend that this Court should deny the Motion because: a). Bruton appeared before the MDT Board in March 2007 and has been scheduled to appear before the Parole Board in the near future, therefore his request for preliminary injunction is moot; b). State Defendants have not violated Bruton's due process rights and Bruton has no constitutional right to parole, thus he is not likely to succeed on the merits of his claims; and c). Bruton is still eligible to apply for parole, therefore denial of the preliminary injunction will not result in irreparable harm. This is State Defendants' Response in Opposition to the Motion for Preliminary Injunction.

I.    **Bruton Is Scheduled To Appear Before The Parole Board For A Parole Hearing, Therefore His Request For Preliminary Injunction Is Moot.**

19.    In the Motion Bruton asks the Court to order "defendants, successors, agents, employees, and all persons acting in concert with them to provide plaintiff with a MDT Hearing and send the results to the Board of Parole, which will allow plaintiff to received [sic] a Parole Date, and onward to a scheduled Board of Parole

---

[3] Due to security concerns the Parole Board does not disclose parole hearing dates to inmates far in advance of the hearing date. If the Court would like to know Bruton's exact parole hearing date that information will be provided at the Court's request.

Hearing." (Motion for Preliminary Injunction at ¶ "Wherefore"). Bruton, however, has already received the relief he is requesting.

20.    In April 2006 Bruton asked to defer his parole hearing until he had an opportunity to complete the recommendations of the Parole Board. (Ex. F). At that time the State Defendants yielded to Bruton's request and informed the Parole Board of his request to defer. (Minor Affidavit at ¶ 7).

21.    In 2006, Bruton completed the Key Program and the AVP Basic workshop. Bruton, however, did not take any anger management classes. Moreover Bruton received several write ups for institutional misconduct.

22.    In spite of Bruton's failure to follow all of the Parole Board's recommendations, on March 3, 2007 the MDT Board held a hearing to determine whether to recommend Bruton for parole. At the hearing the MDT Board voted 3 to 0 not to recommend Bruton for parole. A pre-parole report that included the MDT Board's recommendation to deny parole was then sent to the Parole Board.

23.    On March 28, 2007 the Parole Board received the MDT Board's pre-parole report. The Parole Board has since scheduled Bruton for a parole hearing within the coming months. Because Bruton has appeared before the MDT Board and is scheduled to appear before the Parole Board, his Motion for Preliminary Injunction asking to appear before the Parole Board should be denied as moot.

**II.    Bruton Cannot Satisfy The Requirements For Injunctive Relief, Therefore The Court Should Deny The Motion.**

24.    Assuming, *arguendo*, that his Motion for Preliminary Injunction is not moot, this Court should deny Bruton's Motion because he cannot meet his burden for injunctive relief.

- 7 -

**A000021**

25.    A grant of injunctive relief is an extraordinary remedy.  Thus a request for injunctive relief should only be granted in limited circumstances.  *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

26.    The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998).  An injunction should only issue if all four factors favor relief.  *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

27.    To obtain a preliminary injunction Bruton must satisfy all four factors.  If he cannot prove that he has a likelihood of success on the merits of his claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied.  *See Instant Air*, 882 F.2d at 800.

**A.    State Defendants followed the proper procedure for Bruton's parole hearing, therefore they have not violated his due process rights and the Motion should be denied.**

28.    The State Defendants followed the proper procedures for affording Bruton access to the Parole Board, therefore Bruton is not likely to succeed on his claim that the State Defendants have denied him due process.

29.    In February 2005 Bruton had a hearing before the Parole Board.  At the hearing the Parole Board denied Bruton's request for parole but issued certain recommendations for him to follow before his next parole hearing.

- 8 -

30.    Over a year later, in April 2006, Bruton wrote a letter asking the State Defendants to defer his parole hearing until he had an opportunity to complete the February 2005 recommendations of the Parole Board. (Ex. F). At that time Defendant Minor verified Bruton's request with him and then informed the Parole Board of his request to defer. (Minor Affidavit at ¶ 7).

31.    During the course of this deferral period, Bruton incurred a write up for disorderly/threatening behavior that resulted in a 30 day sanction. As a result of the sanction Bruton could not participate in the July AVP Basic workshop and was required to wait until the next available workshop.

32.    In late September-early October 2006, Bruton entered and completed the AVP Basic workshop. Bruton, however, did not complete an anger management class as recommended by the Parole Board. Moreover Bruton continued to incur write ups for disciplinary behavior in violation of the advice of the Parole Board.

33.    Despite Bruton's failure to follow the Parole Board's recommendations, on March 3, 2007 the MDT Board held a hearing to determine its recommendation for Bruton's parole request. At the hearing the MDT Board voted 3 to 0 not to recommend Bruton for parole. A pre-parole report containing the MDT Board's recommendation was then sent to the Parole Board. The Parole Board has since scheduled a parole hearing for Bruton which will occur in the coming months.

34.    It is clear that the State Defendants have not denied Bruton due process. Rather, the delay, if any, in the parole process is a direct result of Bruton's request for deferral of his parole hearing, his institutional misconduct and his failure to

- 9 -

**A000023**

follow the Parole Board's recommendations. Therefore Bruton cannot succeed on the merits of his claim and the Motion should be denied.

> **B.** **Bruton does not have a constitutional right to parole, thus he is unlikely to succeed on the merits of his claim and his request for preliminary injunction should be denied.**

35. Bruton's underlying claim is that the Defendants denied him due process by failing to allow him to proceed with the parole process. (D.I. 2). Bruton, however, cannot establish that he is entitled to injunctive relief because there is no constitutional right to parole.

36. In *Eskridge v. Casson*, 471 F.Supp. 98 (D. Del. 1979), this Court held that the Delaware Parole statute does not confer upon a prisoner "a legally enforceable right to be paroled." *Id.* at 101. Therefore Bruton has no constitutional right to parole. *See also Owens v. Ryan*, 2000 WL 1728263, at *3 (D. Del. April 10, 2000). (Ex. M). Given that Bruton has no constitutional right to parole he is not likely to succeed on the merits of his claim and the Motion for Preliminary Injunction should be denied.

37. Bruton may argue that he has a "substantive due process right in being treated fairly during the parole process." *Owens*, 2000 WL 1728263, at *3. Bruton's substantive due process rights, however, have not been violated. The State Defendants have treated Bruton fairly throughout his parole process. Any delay that occurred in the process is clearly attributable to Bruton's request to defer his parole hearing, his repeated receipt of write ups for institutional misconduct and his refusal to follow the Parole Board's recommendations. Because the State Defendants have treated

- 10 -

**A000024**

Bruton fairly throughout the parole process he cannot prove that they violated his substantive due process rights and this Court should deny the Motion.

> **C.    Bruton is still eligible for parole, therefore he will not suffer irreparable injury if the Court denies his request for preliminary injunction.**

38.    To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm ...." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Moreover, injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

39.    Bruton is not in danger of suffering irreparable harm. As has already been demonstrated Bruton has received his MDT Board hearing and has been scheduled for a parole hearing. Further, even if Bruton is denied parole, the State Defendants have not prevented him from applying for and receiving a parole hearing some time in the future. Therefore Bruton will not suffer irreparable injury if the Court denies the Motion.

**A000025**

WHEREFORE, State Defendants respectfully request that this Honorable

Court deny Plaintiff's Motion for Preliminary Injunction.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

_/s/ Erika Y. Tross_
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Pamela Minor,
Cheryl Regan and Raphael Williams

Dated: June 6, 2007

- 12 -

**A000026**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,                    )
                                      )
            Plaintiff,                )
                                      )
                                      )    Civil Action No. 06-791-SLR
      v.                              )
                                      )    Jury Trial Requested
                                      )
MRS. PAMELA A. MINOR, MRS.            )
CHERYL REGAN, MR. STANLEY W.          )
TAYLOR, and WARDEN RAPHAEL            )
WILLIAMS,                             )
                                      )
            Defendants.               )

### ORDER

Upon the Plaintiff's Motion for Preliminary Injunction (D.I. 6 & 7), and

State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams's

Response in Opposition to Plaintiff's Motion for Preliminary Injunction; and it appearing

that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has

been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary

Injunction is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

**A000027**

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on June 6, 2007, I caused a true
and correct copy of the attached *State Defendants Pamela A. Minor, Cheryl Regan and*
*Warden Raphael Williams's Response in Opposition to Plaintiff's Motion for*
*Preliminary Injunction [Re: D.I. 6 & 7]* to be served on the following individual in the
form and manner indicated:

### NAME AND ADDRESS OF RECIPIENT(S):

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

### MANNER OF DELIVERY:

\_\_One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

\_\_Two true copies by Federal Express

\_\_Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

**A000028**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-791-SLR |
| | ) | |
| MRS. PAMELA A. MINOR, MRS. | ) | |
| CHERYL REGAN, MR. STANLEY W. | ) | |
| TAYLOR, and WARDEN RAPHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 12ᵗʰ day of June, 2007, having reviewed the motion for

injunctive relief, and defendants' response thereto;

IT IS ORDERED that the motion for injunctive relief (D.I. 6) is denied as moot, for

the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to

proceed in forma pauperis, filed a motion for injunctive relief to order defendants to

provide him with a Multi-Disciplinary Team ("MDT") hearing and to send the results to

the Delaware Board of Parole. (D.I. 6) Plaintiff states this will allow him to receive a

parole date and move onward to a scheduled Board of Parole hearing. Id. The motion

for injunctive relief was served upon defendants at the same time as the complaint and

it ordered defendants to file a response to the motion. (D.I. 10) Defendants filed their

response on June 7, 2007. (D.I. 18)

2. **Standard of Review.** When considering a motion for a preliminary injunction

plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will

result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Plaintiff's motion is moot. He has already received the relief he requested. Defendants indicate that plaintiff attended a hearing before the MDT Board on March 7, 2007. (D.I. 18, at 5) Further, plaintiff is scheduled to appear before the Board of Parole within the near future. Id. at 6. Defendants did not disclose the date of the parole hearing due to security concerns. Id. Inasmuch as the motion is moot, the court sees no need to discuss the elements necessary for injunctive relief.

4. **Conclusion.** Plaintiff's motion is moot as he has received the relief he sought. Plaintiff is given leave to file a new motion for injunctive relief should the hearing before the Board of Parole fail to take place within the next six months. Based upon the foregoing, the motion for injunctive relief (D.I. 6) is **denied** as moot.

_____
UNITED STATES DISTRICT JUDGE

-2-

**A000030**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-791-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| MRS. PAMELA A. MINOR, MRS. | ) | |
| CHERYL REGAN, MR. STANLEY W. | ) | |
| TAYLOR, and WARDEN RAPHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

STATE DEFENDANTS PAMELA A. MINOR,
CHERYL REGAN AND WARDEN RAPHAEL WILLIAMS'S
ANSWER TO PLAINTIFF'S COMPLAINT [RE: D.I. 2]

COMES NOW, State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams (the "State Defendants")[1], by and through their undersigned counsel, and hereby respond to the unnumbered paragraphs of Plaintiff Raymond L. Bruton's Complaint, dated December 20, 2006 and filed December 27, 2006 (D.I. 2), as follows:

### Previous Lawsuits

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Previous Lawsuits" section of the Complaint and, therefore, deny same.

---

[1] There is no indication that Defendant Stanley Taylor has been served, waived service or waived his right to respond. Therefore, Stanley Taylor is not a party to this Response.

## Exhaustion of Administrative Remedies

State Defendants admit that Plaintiff wrote to the Warden.    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Exhaustion of Administrative Remedies" section of the Complaint that Plaintiff wrote to Stanley Taylor and, therefore, deny same.  State Defendants admit that Plaintiff wrote grievances.  State Defendants admit that Plaintiff wrote to Defendant Minor.  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Exhaustion of Administrative Remedies" section that "Everyone has advise Plaintiff to be patient" and, therefore, deny same.  State Defendants deny each and every other allegation of the "Exhaustion of Administrative Remedies" section not specifically admitted herein.

## Defendants

1.    State Defendants admit that Defendant Minor is employed at Howard Young.  State Defendants deny each and every other allegation of Paragraph 1 of the "Defendants" section of the Complaint not specifically admitted herein.

2.    State Defendants admit that Cheryl Regan is employed at Howard Young.  State Defendants deny each and every other allegation of Paragraph 2 of the "Defendants" section of the Complaint not specifically admitted herein.

3.    This paragraph appears directed to another party.  As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 3 of the "Defendants" section of the Complaint and, therefore, deny same.

- 2 -

**A000032**

## Statement of Facts

Paragraph No. 1:    State Defendants admit that Plaintiff requested to defer his MDT and Board of Parole Hearings. State Defendants deny each and every other allegation of Paragraph No. 1 of the "Statement of Facts" section of the Complaint not specifically admitted herein.

Paragraph No. 2:    State Defendants admit that Claudette Pettyjohn is employed at the Delaware Correctional Center. State Defendants deny each and every other allegation of Paragraph No. 2 of the "Statement of Facts" section of the Complaint not specifically admitted herein.

Paragraph No. 3:    The allegations of Paragraph No. 3 of the "Statement of Facts" section of the Complaint are denied.

Paragraph No. 4:    The allegations of Paragraph No. 4 of the "Statement of Facts" section of the Complaint are denied.

Paragraph No. 5:    The allegations of Paragraph No. 5 of the "Statement of Facts" section of the Complaint are denied.

Paragraph No. 6:    The allegations of Paragraph No. 6 of the "Statement of Facts" section of the Complaint are denied.

Paragraph No. 7:    This paragraph appears directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the "Statement of Facts" section of the Complaint and, therefore, deny same.

A000033

## RELIEF

State Defendants specifically deny that Plaintiff is entitled to any relief or damages, including injunctive relief, compensatory damages, punitive damages, costs and/or attorneys' fees.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state claims upon which relief may be granted.

2.     The allegations of the Complaint and the claims made therein are moot.

3.     The action and all claims are barred by Eleventh Amendment immunity.

4.     As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

5.     Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

6.     State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

7.     As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

- 4 -

**A000034**

8.    To the extent Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

9.    This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily required administrative time requirement.

10.    Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

11.    State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

12.    To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13.    The Plaintiff's claims are barred by his contributory negligence.

14.    Plaintiff fails to state a claim against State Defendants for failure to train and maintenance of wrongful customs, practices and policies.

15.    Plaintiff fails to state a claim against State Defendants for violation of the Fourteenth Amendment.

16.    Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

17.    Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

18.    Insufficiency of service of process.

19.    Insufficiency of process.

- 5 -

20.    Lack of jurisdiction over the person and subject matter.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Attorney for Defendants Pamela Minor,
Cheryl Regan and Raphael Williams

Dated: July 5, 2007

- 6 -

**A000036**

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on July 5, 2007, I caused a true

and correct copy of the attached *State Defendants Pamela A. Minor, Cheryl Regan and*

*Warden Raphael Williams's Answer to Plaintiff's Complaint [Re: D.I. 2]* to be served

on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Raymond L. Bruton, Sr.
SBI #00069025
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

_✓_Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,        )
                        )
       Plaintiff,        )
                        )
                        )
                        )     Civil Action No. 06-791-SLR
       v.              )
                        )     Jury Trial Requested
                        )
MRS. PAMELA A. MINOR, MRS.    )
CHERYL REGAN, MR. STANLEY W.  )
TAYLOR, and WARDEN RAPHAEL   )
WILLIAMS,                   )
                        )
       Defendants.     )

**STATE DEFENDANTS PAMELA A. MINOR, CHERYL REGAN AND
WARDEN RAPHAEL WILLIAMS'S COMBINED FIRST SET
OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure

(the "Federal Rules"), State Defendants Pamela A. Minor, Cheryl Regan and Warden

Raphael Williams hereby propound to Plaintiff Raymond L. Bruton, Sr. ("Bruton" or

"Plaintiff"), the following interrogatories (the "Interrogatories") and requests for

production of documents (the "Document Requests" and, together with the

Interrogatories, the "Discovery Requests"), to be answered or responded to in writing

and, where required under the applicable rules, under oath, within thirty (30) days of the

date of service hereof.

## DEFINITIONS

1.      "State Defendants," shall mean State Defendants Pamela A. Minor, Cheryl Regan and Warden Raphael Williams.

2.      "Plaintiff," "you," or "your" shall mean plaintiff Raymond L. Bruton, Sr.

3.      "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.      "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "HRYCI" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of HRYCI.

7.      "Person" refers to any individual, corporation, partnership, association or other entity.

8.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memorandum, book summarizing, ledger or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

- 2 -

**A000039**

9. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10. The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12. "Identify" when used with respect to a person means to provide the following information:

(a)        the name, telephone number, and residential address of the person; and

(b)        the name of the present employer, place of employment, business and job title of the person.

13. "Identify" when used with respect to an entity means to provide the following information:

(a)        the name, telephone number and address of the entity; and

(b)        the name of the entity's owners, principals, officers, and/or partners.

- 3 -

14.    "Identify" when used with respect to a document means to provide the following information:

(a)        the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)        the date of the document;

(c)        the preparer and/or source of the document and all recipients of the document;

(d)        the substance in detail of the document; and

(e)        each person who now has custody, possession or control of the document.

15.    "Identify" when used with respect to a communication means to provide the following information:

(a)        the date of the communication;

(b)        whether the communication was oral or written;

(c)        any person who sent, received, or had knowledge of the communication;

(d)        the substance in detail of the communication; and

(e)        any document embodying the communication.

- 4 -

A000041

## INSTRUCTIONS

1.      Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after April 1, 2006.

4.      These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

[Remainder of page intentionally left blank.]

- 5 -

**A000042**

## INTERROGATORIES

**INTERROGATORY NO. 1:**  With respect to the claims asserted in your

Complaint, state the following:

        a.        identify all facts that refute, relate to, or support your claims;

        b.        identify the specific behavior or conduct that you allege that

each of the State Defendants engaged in;

        c.        the names and present or last known addresses and telephone

numbers of all persons having knowledge of any of the facts set forth in answer to

subparagraph (a) hereof;

        d.        identify all documents that reflect, refer to or relate to such

contention or facts.

    **RESPONSE:**

(a). April 9, 2006 Letter       "Letter"
June 26, 2006 Letter; October 22, 2006
June 22, 2006 Letter     October 29, 2006; Letter
September 13, 2006 Letter     November 20, 2006, Letter
October 1, 2006 Letter     11/21/06 Grievance
October 17, 2006 Letter     11/22/06 Grievance Reply
November 27, 2006 Memorandum; November 23, 2006, Letter
Dec. 3, 2006 Letter

(b). Defendant Pamela A. Minor
deliberately withheld me from     Cheryl Degan deliberately
going to my MDT Hearing;     withheld me from going
Raphael Williams Warden     to my MDT Hearing;
Knew the defendants were     (c) Unknown at this
deliberately denying me     time.
from going to the MDT Hearing     (d). Unknown at
but Refuse to do anything     this time
to help me;

- 6 -

**INTERROGATORY NO. 2:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Complaint including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

(a) Raphael Williams, Warden, October 30, 2006
     August 15, 2006
(b) unknown at this time.

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with any State Defendant concerning the allegations in your Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

(a) Raphael Williams, letter dated october
     30, 2006
     Raphael Williams, Warden, letter dated
     August 15, 2006
     Mr. Ron Johnson, Paralegal in N.P.YCI

- 7 -

**INTERROGATORY NO. 4:**  Identify each document in your possession

and control that relates to the allegations in your Complaint.

> **RESPONSE:**
>
> April 9, 2006, Letter; June 26, 2006, Letter
> June 22, 2006, Letter; September 13, 2006 Letter
> September 15, 2006 Memorandum
> October 1, 2006 Letter; October 29, 2006, Letter
> October 17, 2006 Letter    October 30, 2006 Memorandum
> October 29, 2006 Letter    November 22, 2006, Letter
> Grievance 11/21/06    November 23, 2006, Letter
> Grievance Reply 11/18/06
> November 27, 2006 Memorandum    Dec. 3, 2006, Letter
> Dec. 4, 2006 memorandum

**INTERROGATORY NO. 5:**  If you allege that you filed an inmate

grievance relating to the allegations in your Complaint, what date was said grievance

filed on?  If your grievance relating to the allegations in your Complaint was rejected,

describe in detail what facts contributed to the rejection.

> **RESPONSE:**
>
> Grievance was Filed on 11/21/06
> The Grievance was Not Rejected, Just ignored
> by Sgt moody as she does most Grievances
> the inmate population write and send to
> her;

- 8 -

**A000045**

**INTERROGATORY NO. 6:** Identify    any    individual    you    allege

witnessed in any manner any aspect of the allegations in your Complaint.

**RESPONSE:**

mr. Clow Johnson, Paralegal of
H.R.y.C.I.

**INTERROGATORY NO. 7:** Describe    any    medical    treatment    you

received as a result of the allegation in your Complaint that your health and welfare were

effected by the alleged denial of a parole hearing, specifically addressing:

        a.     whether you requested any medical treatment at HRYCI

which you believe in any way resulted from the allegations in your Complaint; and

        b.     the date and method used for any request listed in

subparagraph (a) of this Interrogatory.

**RESPONSE:**

(a.) The increase in my blood pressure medicine
The increase in my Diabetic Medicine while
in H.R.y.C I
The skin diseeas I caught while in H.R.y.C.I
The high blood pressure Reading by the Nurse
staff while I was in H.R.y.C.I.
(b). Dates are unknow at this time

- 9 -

**INTERROGATORY NO. 8:** Describe with specificity the "problems",

as stated in your Complaint, that you had with State Defendants Minor and Regan that

resulted in the alleged delay of your parole process including:

    a.      the nature of the alleged problems;

    b.      the dates and times on which the alleged problems began;

and

    c.      identify any and all documents, including grievances, that

describe the alleged problems.

**RESPONSE:**

(a) State Defendant Minor and Regan took on a sense of Entitlement because Plaintiff Requested a new direction, because of the Length of time State defendants were taking when I Requested the deferment.

(b). April 9, 2006; August 15, 2006 October 1, 2006
June 26, 2006; September 13, 2006 October 22, 2006
June 22, 2006; October 1, 2006 October 29, 2006
October 30, 2006 November 20, 2006

(c). Grievance on 11/21/06

**INTERROGATORY NO. 9:**  Describe in detail:

      a.      how each of the State Defendants denied you the ability to

proceed in the parole process;

      b.      the dates and times you claim you were denied the ability

to proceed in the parole process;

      c.      the injuries you claim you suffered by being denied the

ability to proceed in the parole process; and

      d.      identify any and all documents, including grievances, that

describe the injuries you claim you suffered by being denied the ability to proceed in the

parole process.

**RESPONSE:**



(a) Each defendant ignored my communications.

(b) Plaintiff has recorded the dates and times in early numbers of these interrogatory.

(c) Plaintiff suffered a loss on July 6, 2006 which if allowed to proceed to parole hearing there is a possibly family member would not have died without my contact.

(d) Plaintiff suffered physical abuse from not being allowed to proceed to MDT Board and to Parole Hearing.

(d). Grievance was identified, and again on 11/31/06 Plaintiff filed grievance to Sgt. moody.

- 11 -

**A000048**

**INTERROGATORY NO. 10:** Describe in detail:

      a.     the error you claim each of the State Defendants committed

in your parole process;

      b.     the dates and times you claim the error occurred; and

      c.     identify any and all documents that describe the error you

claim each of the State Defendants committed in your parole process.

**RESPONSE:**

(a) the error of Refusal state defendant's committed in Plaintiff's Parole process, was deliberate and meant to hurt me or with hope I would have died of Flustrations and pain of being in a terrible place Reported Full of disease and ignorance.

(b) the dates and times started in April 06, and continued until the day I was placed on Parole Status.

(c) I wrote several Letters which the defendants either Refuse to acknowledge or completely ignored. I have Refered to the many Letters written to each and every defendant in this 1983 Lawsoit. I must Refer the Attorney's to all the Letters I have Refered to in the earlier Interrogatory No. 5

A000049

**INTERROGATORY NO. 11:** Describe in detail how you contributed to the delay in your parole process including but not limited to:

      a.      the dates and times you contributed to the delay in your parole process;

      b.      your April 2006 request to delay your parole process; and

      c.      identify any and all documents that describe how you contributed to the delay in your parole process.

**RESPONSE:**

(a). On April 9, 2006, when Plaintiff requested to Ms. Pettyjohn to defer my result of the MDT Hearing, until Plaintiff was able to forefill the Recommendations of the Parole Board & the MDT Board was part of Plaintiff's Plan to be granted Parole, not a contribute to a delay in my Parole process.

(b). The April 2006 Request to delay was not an apparent procedure to Let Pamela A. Minor, and Cheryl Regan take Full Control of the Process of my Parole Hearing. Plaintiff did not understand any of the procedure defendants were using to delay Plaintiff's Parole — No Were in the Parole Procedure 4347 did I Find defendants denial.

(c). Plaintiff did not contributed to the delay in his Parole process.

- 13 -

A000050

**INTERROGATORY NO. 12:** Describe with specificity how you believe

each of the State Defendants should have assisted you in your parole process. Identify

each document in your possession and control that relates to how each of the State

Defendants should have assisted you in your parole process.

**RESPONSE:**

Before MS. Pettyjohn had transferred to the Delaware Correctional Center, the entire process was working fine.

However, when Pamela A. Minor, and Cheryl Pegan began envolved, their entitlement and thinking effects drove them to try and sabotage the entire process.

When plaintiff requested defendant Minor to let him move forward to plaintiff's most Board Hearing in the June 26, 2006 Letter, defendant should have honored plaintiff's request.

All was necessary for defendant's to do was to stop thinking this parole procedure was for them to proceed to the parole hearing and realize plaintiff had the right to have a control and a voice in his parole ~~process; which they refuse to let plaintiff have~~

At this time I am in a place were my documents are not here, in my control. No law library exist and my documents are not in the crest program along with me.

- 14 -

**A000051**

**INTERROGATORY NO. 13:** Describe in detail:

      a.     how you believe the parole process works;

      b.     the basis for your belief about how the parole process

works;

      c.     the timetable upon which you believe the parole process

proceeds;

      d.     the basis for your belief about the timetable upon which the

parole process proceeds; and

      e.     identify any and all documents that support or refute your

belief about how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**

(a) the Parole Process works, First I Notify the Board of Parole that I am within (6) months of my Parole Hearing and I am Requesting a Parole Hearing. The Parole Board write the Treatment Administrate, explaining Plaintiff was Requesting a Parole Hearing, For them to prepare paper-work For the up-coming Parole Hearing, and take Plaintiff before the MDT Board, to see how the MDT Board would Respond to Plaintiff Receiving Parole.

(b) 4347 defines the Parole Process Completely.

(c) the timetable upon the Parole Process should proceed is months Not a year (4) months of delay.

(d) the basis For my belief about the timetable I have been to a Parole Hearing before, and I have Read Title 12, 4347 in the Rules of Parole Procedure.

(e). at this point I am Not in a law Library nor do I have my Personal documents to support my timetable upon which it proceeds.

- 15 -

**INTERROGATORY NO. 14:** Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**RESPONSE:**

On February 11, 1982, I Requested of the Attorney's General's office to allow plaintiff to have a Psychological hearing because I was having difficulty being incarcerated. I had no mental or behavioral problems, I did that to escape from incarceration on that date, February 11, 1983. I have no documents to support any of this at this time.

A000053

**INTERROGATORY NO. 15:** Identify each document in your possession

and control that relates to any injuries you allegedly sustained from the allegations in

your Complaint.

    **RESPONSE:**

The documents in my control are the records the medical Department has in their control which will support how my blood pressure did increase, my diabetic medicine was increased, and "Now" the doctors are thinking about eliminating me altogether from any medicine in the near Future, hopefully.

**INTERROGATORY NO. 16:** Describe any and all incidents you have

had while incarcerated in which you have been transferred to a behavioral modification

unit, to a higher security area or to any other more restricted setting.

    **RESPONSE:**

To my Remembrances I Remember requesting for a coat and Sgt. & Lt. took me to 1-E because I requested a coat when I was cold in the Key Program. The year that happen was July 2006.

In the paste I don't Remember how many or where.

- 17 -

**A000054**

**INTERROGATORY NO. 17:** Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

I have not had any New Convictions Since my Escape in 1982. None at all in the Past Fifteen years.

**INTERROGATORY NO. 18:** Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

1999 America Stee, Computer Company Pay $15.00 hr. Code pay $30.00 hr. Located behind New Castle Avenue on Collins Park 19720
I have my own Paralegal Investigations business.
Dont Remember the names of the supervisor dates, the paper work is Somewhere Pack away.

- 18 -

**A000055**

**INTERROGATORY NO. 19:** State the total amount of damages you are

seeking against the State Defendants and the computation used to arrive at the sum.

**RESPONSE:**
The total amout of damages I am seeking
is in the alea of 1 million Dollars and punity damages
1 million 500 thousand. I come to this Computation be-
cause the state officals deliberately held me longee
in H.R.y.C.I than noklmally it would have been.
I have my own business which I can make
$100,000 dollars From my Palalegal work. I have been
held in jail on a tech violation of Palele for (7) yeass
Teellible Sentence to Receive.

**INTERROGATORY NO. 20:** Identify each person you intend to call as a

fact witness at any trial or hearing in this matter and state the subject matter on which

each such witness is expected to testify.

**RESPONSE:**
I don't have the witnesses name hele in
the Clest Progeam. I have theie names home wheee
my Clothes ale.

- 19 -

**A000056**

**INTERROGATORY NO. 21:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

At this time I can't state the expert witnesses.

**INTERROGATORY NO. 22:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

At this stage I don't have all the names in my possession. must wait to go home to obtain names, places, and dates.

- 20 -

**A000057**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**
Sending in Response

**REQUEST NO. 2:**   All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**
Sending in Response

**REQUEST NO. 3:**   Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following April 1, ~~2006, which detail any injury you claim you suffered as a result of allegedly being denied~~ the ability to proceed in the parole process.

**RESPONSE:**
Not able to send documents of medical reports; must see medical here at PCCC;

- 21 -

**A000058**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to the allegations in your Complaint and the injuries you claim you suffered.

**RESPONSE:**

*All sick call slips, but there not my possession.*

**REQUEST NO. 5:**    All grievances you filed referring or relating to the allegations in your Complaint and/or the injuries you claim you suffered as a result of allegedly being denied the ability to proceed in the parole process.

**RESPONSE:**

*Sending a copy of Grievance*

**REQUEST NO. 6:**    Any and all letters, grievances, notes and/or other documents you sent to each of the State Defendants regarding the allegations in your Complaint.

**RESPONSE:**

*Sending all copies in Response.*

- 22 -

**REQUEST NO. 7:**   Any and all documents which comprise any diary, journal, log, or other written account of the allegations in your Complaint or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

Not having papers in my hands

**REQUEST NO. 8:**   Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, which describe in detail your diagnosis of and treatment for any psychiatric illness.

**RESPONSE:**

All medical reports in records of medical Department.

- 23 -

**A000060**

**REQUEST NO. 9:**     Any and all documents which support or refute your claim that you were denied the ability to proceed in the parole process.

**RESPONSE:**

*Sending in Response*


**REQUEST NO. 10:**     Any and all documents which support or refute your claim that you had "problems" with State Defendants Minor and/or Regan.

**RESPONSE:**

*Sending in Response*


**REQUEST NO. 11:**     Any and all documents which support or refute your claim that the State Defendants committed an error in your parole process.

**RESPONSE:**

*Sending all in Response*

- 24 -

**REQUEST NO. 12:** Any and all documents which show how you contributed to the delay in your parole process.

**RESPONSE:**
Did NOT contribute in any way

**REQUEST NO. 13:** Any and all documents which support or refute your belief of how the State Defendants should have assisted you in your parole process.

**RESPONSE:**
Sending in Response

**REQUEST NO. 14:** Any and all documents which support or refute your belief of how the parole process works and the timetable upon which it proceeds.

**RESPONSE:**
Sending in Response

- 25 -

**A000062**

**REQUEST NO. 15:** With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

a.    all documents provided to or reviewed by the expert;

b.    a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

c.    all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

d.    all documents upon which the expert's findings, conclusions and/or opinions are based; and

e.    all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

(a) my paper work is not present in my hands
(b) not at this time
(c) not at this time
(d) not at this time
(e) not at this time

- 26 -

**REQUEST NO. 16:** All documents you intend to introduce into evidence at the trial of this action.

**RESPONSE:**

*Some documents are included in this Response*

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Pamela Minor,
Cheryl Regan and Raphael Williams

Dated: August 31, 2007

- 27 -

**A000064**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,           )
                                     )
      Plaintiff,              )
                                     )
                                   )     Civil Action No. 06-791-JJF
      v.                     )
                                   )     Jury Trial Requested
                                   )
MRS. PAMELA A. MINOR, MRS.    )
CHERYL REGAN, MR. STANLEY W.   )
TAYLOR, and WARDEN RAPHAEL   )
WILLIAMS,                    )
                                   )
      Defendants.          )

## AFFIDAVIT OF PAMELA A. MINOR

     I, Pamela A. Minor, having been duly sworn by law, do hereby depose and state as follows:

     1.    I am employed by the State of Delaware Department of Correction ("DOC") as a Treatment Administrator at the Howard R. Young Correctional Institution ("Howard Young"), Wilmington, Delaware. I have been employed at Howard Young since 1985 and as a Treatment Administrator since July 1, 2002.

     2.    Raymond Bruton, Sr., SBI #00069025, is an inmate currently incarcerated at Howard Young. His records indicate that he was transferred from the Delaware Correctional Center ("DCC") to Howard Young on August 30, 2005.

     3.    In November 2002, while he was housed at DCC, Mr. Bruton had a hearing before the Delaware Board of Parole (the "Parole Board") regarding his request for parole supervision. As reflected in the Parole Board's November 20, 2002

1

letter to Mr. Bruton, the Parole Board denied Mr. Bruton's request for parole based on several factors including Mr. Bruton's failure to accept responsibility for his offense, his substance abuse history and his disruptive institutional behavior. The Parole Board recommended that Mr. Bruton work with his counselor to develop a plan for mental health and violent offender counseling. The Parole Board also ordered that Mr. Bruton was eligible to be reheard for parole consideration at any time after November 2004.

4.    In October 2003, prior to the date the Parole Board ordered that Mr. Bruton was eligible to be reheard for parole consideration, Mr. Bruton petitioned the Parole Board for early parole consideration. The Parole Board denied Mr. Bruton's request and instructed him to reapply at his regular eligibility date of November 2004.

5.    On February 8, 2005, Mr. Bruton had another hearing before the Parole Board. At this hearing the Parole Board again denied Mr. Bruton's request for parole. This time the Parole Board cited Mr. Bruton's prior failure of parole/probation, significant criminal history, substance abuse history, inability to accept responsibility for his offense and disruptive institutional behavior as reasons for its denial of parole. In a letter dated March 30, 2005, the Parole Board recommended to Mr. Bruton that he develop a plan for mental health, violent offender and anger management counseling. The Parole Board also instructed Mr. Bruton not to reapply for parole until he had completed the Key Program and resolved his institutional write-ups.

6.    In August 2005 Mr. Bruton was transferred to Howard Young and entered into the Key Program.

2

7.     Approximately eight months later, in April 2006, prior to his completion of the Key Program, Mr. Bruton drafted a letter stating that he wished to defer his next parole hearing until he completed the requirements outlined by the Parole Board in its March 30, 2005 letter.  I confirmed with Mr. Bruton his request to defer the parole hearing.  Once he verified that he wanted to defer his hearing, I sent an e-mail to the Bureau Chief and the Parole Board Chairperson informing them of Mr. Bruton's request to defer his next parole hearing.

8.     On May 26, 2006, Mr. Bruton successfully completed the Key Program.

9.     From July 14, 2006 through July 16, 2006, an Alternative to Violence ("AVP") Basic seminar was held at Howard Young.  Although Mr. Bruton was scheduled to participate in this seminar he was unable to do so because he was housed in administrative segregation for a sanction he received as a result of being found guilty of institutional misconduct, namely disorderly/threatening behavior.

10.     After his release from administrative segregation on August 6, 2006, Mr. Bruton was scheduled to attend another AVP Basic workshop.  On October 1, 2006, Mr. Bruton completed the AVP Basic workshop.  Immediately following the completion of his workshop, on October 1, 2006, Mr. Bruton sent me a letter asking me if he was going to receive a review by the Parole Board.  I informed Mr. Bruton that I would ask a counselor to review his case status with him.

11.     Approximately two weeks later I received another letter from Mr. Bruton dated October 17, 2006.  In his letter Mr. Bruton stated that he had not been seen by a counselor.  I replied to Mr. Bruton's letter and informed him that his

3

consideration for pre-parole staffing had not been initiated since he had opted to defer his parole hearing. I also informed him that I was aware he had completed the AVP workshop and that his case would be reviewed.

12.    In a third letter to me, dated October 29, 2006, Mr. Bruton stated that he wanted to have a hearing before the MDT Board as soon as possible. Again I responded to Mr. Bruton that a staff member would review his case with him in accordance with procedure.

13.    A review of Mr. Bruton's case status revealed that although he had completed the Key Program and the AVP Basic workshop, he had not complied with the Parole Board's recommendation to take anger management classes. Moreover Mr. Bruton incurred several institutional write-ups following his February 2005 Parole Board hearing – in violation of the Parole Board's recommendations.

14.    Despite Mr. Bruton's failure to comply with the Parole Board's recommendations, on March 7, 2007, the Multi-Disciplinary Team ("MDT") Board at Howard Young met to decide whether the institution should recommend to the Parole Board that Mr. Bruton receive parole. At the hearing the MDT Board voted not to recommend Mr. Bruton for parole based on his failure to comply with the recommendations of the Parole Board. The MDT Board also found that Mr. Bruton still refused to take responsibility for his offenses.

15.    In accordance with procedure, after the MDT Board met and determined its recommendation, a pre-parole report that included the MDT Board's recommendation was sent to the Parole Board.

4

17.    I, and the other members of the Classification/Treatment Unit at Howard Young, followed the procedures necessary to afford Mr. Bruton an opportunity to appear before the MDT Board for re-classification and a pre-parole hearing.  Any delay that Mr. Bruton had in appearing before the MDT Board or the Parole Board was a result of his own request to defer his parole hearing and his failure to follow all of the recommendations outlined by the Parole Board.

Pamela A. Minor

SWORN AND SUBSCRIBED before me this 5th day of June, 2007.

Notary

TYSHA Y. BRYANT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan. 19, 2008

5

A000069

## Offender Status Sheet

Date: 08/08/2007

| | | | |
|---|---|---|---|
| SBI #: 00069025 | Name: RAYMOND L BRUTON | | Sex: M |
| Location(s): HRYCI | Level(s): 5 | Race: BLACK | DOB: 03/04/1944    Sex Offender: [] |
| AKA: RAYMOND L BRUTON; RAYMOND BROXTON | | | |
| Offender Type: Sentenced | | Officer(s): | |

Start Date: 03/15/2000    MED: 11/02/2012    STRD: 09/17/2008    ADJ: 05/24/2008    PED: 06/15/2002    Statutory Days Earned: 1,513.00

| Case/Conviction | Crime/Charge | Charge/Desc Days Type/Sentence Date | Status/Eff. Date | Length Yr M D | Start Date | MED | STRD | Adj Date/CR/WK |
|---|---|---|---|---|---|---|---|---|
| DACS00001 | PAROLE BOARD | VIOL OF PAROLE | Current | 12 7 19 | 03/15/2000 | 11/02/2012 | 09/17/2008 | 05/24/2008 |
| PRLB | | STANDARD 06/14/2000 03/15/2000 | | | | | | |

**Special Conditions:**

| Location | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| PAROLE BOARD | 5 | CRT1 | Other Conditions: | SERVED FROM 3/8/81 TO 11/30/82  ALSO SERVED FROM 3/24/87 TO 1/24/98  TOTAL SERVED TIME IS 12 YEARS 7 MONTHS 26 DAYS.  GOODTIME COMPUTED AT AN ACCELERATED RATE OF 10 DAYS PER MONTH.  MUST SERVE FROM 3/15/00 TO 11/2/12 OR 12 YEARS 7 MONTHS 19 DAYS.  YOUR MANDTORY RELEASE WAS REVOKED.  YOU WILL SERVE THE BALANCE OF THE SENTENCE FROM WHICH YOU WERE RELEASED.  YOU WILL LOSE YOUR PREVIOUSLY EARNED GOODTIME INCLUDING MERITORIOUS GOODTIME EARNED UNDER THE PROVISIONS OF 11 DEL. C CHAPTER 43 SUBCHAPTER VIII.  HOWEVER AFTER DUE CONSIDERATION OF YOUR CASE THE BOARD DECIDED YOU MAY REAPPLY FOR PAROLE CONSIDERATION IN 24 MONTHS (6/2002).  THE BOARD RECOMMENDS ANGER MANAGEMENT COUNCELING AND A MENTAL HEALTH EVALUATION  PRIOR TO YOUR NEAT HEARING  KF AS TO CA#02N04111 INMATE LOSSES 3 DAYS G/T PER SC/NCC ..DMC |

A000070






STATE OF DELAWARE

## BOARD OF PAROLE

CARVEL STATE OFFICE BUILDING - FIFTH FLOOR
820 N. FRENCH STREET
WILMINGTON, DELAWARE 19801

DWIGHT F. HOLDEN
CHAIRPERSON

TELEPHONE: (302) 577-5233
FAX: (302) 577-3501

November 20, 2002

Mr. Raymond Bruton
SBI# 00069025
Delaware Correctional Institution
Smyrna Landing Road
Smyrna, DE 19977

Dear Mr. Bruton:

At the meeting of the Parole Board on November 19, 2002, your release to parole supervision
was denied by a vote of 4 to 0.

The Board's decision was based upon the following factors:

- Inability to Accept Responsibility for Offense
- Substance Abuse History
- Not Recommended by Institution
- Disruptive Institutional Behavior

Based on the above-noted factors, the Board of Parole believes that you continue to pose a risk
to the community. **The Board of Parole recommends that you work with your counselor to
develop a plan for continued mental health counseling and violent offender counseling.**

It is the Board's order that you are now eligible to be reheard for parole consideration at any
time after the expiration of twenty-four (24) months (11/2004). You may file a new application for
parole consideration in accordance with the parole authority and procedure as stipulated in 11
Del. C. §4347, revised July 1, 1992.

Sincerely,

Dwight Holden
Chairperson

DH:kh

c:    Warden Thomas Carroll, DCC
      Ms. Rebecca McBride, DCC Records
      File # 3348

A000071





STATE OF DELAWARE
## BOARD OF PAROLE
CARVEL STATE OFFICE BUILDING - FIFTH FLOOR
820 N. FRENCH STREET
WILMINGTON, DELAWARE 19801

DWIGHT F. HOLDEN
CHAIRPERSON

TELEPHONE: (302) 577-5233
FAX: (302) 577-3501

### BOARD'S ORDER

NAME: RAYMOND BRUTON                STATUS: INMATE

DPB#: 3348                          SBI#: 00069025
CRA#: IN-80-12-0863; IN82-10-1728

TYPE: PRE-PAROLE REPORT             DATE OF REPORT: 06/30/03
                                    DATE RECEIVED: 08/05/03

BY:  DENNIS SPENCE                  OFFICE: DELAWARE CORRECTIONAL
     SENIOR CORRECTIONAL COUNSELOR          CENTER

      WHEREAS, a duly authorized representative of the Department of Correction has submitted evidence that official action should be taken; and

      WHEREAS, said evidence has been carefully considered:

IT IS HEREBY ORDERED THAT:

    1.     The request for early Parole Eligibility Date is denied at this time.

    2.     Raymond Bruton Sr. may reapply at his regular parole eligibility date of November 2004.

HEARING DATE:  October 28, 2003

CHAIRPERSON: Dwight F. Holden
Date: October 29, 2003

Seal

DH:kh

xc:  Raymond Bruton, DCC
     Ms. Rebecca McBride, Records Supervisor
     File#3348



STATE OF DELAWARE

**BOARD OF PAROLE**
CARVEL STATE OFFICE BUILDING - FIFTH FLOOR
820 N. FRENCH STREET
WILMINGTON, DELAWARE 19801

RECEIVED
'05 APR 4  AM 1 22
B.C.C. RECORDS

DWIGHT F. HOLDEN
CHAIRPERSON

TELEPHONE: (302) 577-5233
FAX: (302) 577-3501

March 30, 2005

Mr. Raymond Bruton
SBI# 00069025
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

Dear Mr. Bruton

At the meeting of the Parole Board on February 8, 2005, your release to parole supervision was denied by a vote of 5 to 0.

The Board's decision was based upon the following factors:

- Prior Failure Parole/Probation
- Significant Criminal History
- Substance Abuse History
- Inability to Accept Responsibility for Offense
- Disruptive Institutional Behavior

Based on the above-noted factors, the Board of Parole believes that you continue to pose a risk to the community. **The Board of Parole recommends that you work with your counselor to develop a plan for continued mental health, violent offender, and anger management counseling.**

It is the Board's order that you are now eligible to be reheard for parole consideration upon successful completion of the Key program. In addition, there must be a resolution of institutional write ups. You may file a new application for parole consideration in accordance with the parole authority and procedure as stipulated in 11 Del. C. §4347, revised July 1, 1992.

Sincerely,

Dwight F. Holden

Dwight Holden
Chairperson

DH:gb
c:    Warden Thomas Carroll
      Ms. Rebecca McBride
      File # 3348

A000073

To: MS. C. Pettyjohn Classification
    Treatment Department:

From: Raymond L. Broton, SBI# 069035

Date: April 9, 2006:

RE: M.D.T. Classification:

Dear MS. Pettyjohn;
    May this letter arrive to find you in good
Spirits.
    MS. Pettyjohn, Per mr. Johnson's con-
versation with you on Friday, April 7, 2006,
I am Requesting that my MDT Hearing, the
Results be deferred from being Sent to the
Parole Board until I'm able to Fee Fill
the Recommendations of the Parole Board
From their Last meeting of February 8, 2005,
which are to develope a plan for continued
Mental Health, violent offender, and
anger management Counseling.

cc: Parole Board:                   Yours Truly,
                                    Raymond L. Bruton

| Disciplinary#<br>3015969 | HRYCI Howard R.Young Correctional Institution<br>1301 E. 12th Street<br>WILMINGTON DE, 19809<br>Phone No. 302-429-7700 | Date: 01/23/2007 |

## DISCIPLINARY REPORT

| Disciplinary Type:Class I | Housing Unit:Dorm II | IR #:0015768 |

| SBI# | Inmate Name | Inst Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00069025 | Bruton, Raymond L | HRYCI | Dorm II | 07/08/2006 | 18:25 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

Witnesses:1.N/A                    2. N/A                    3. N/A

### Description of Alleged Violation(s)

On The Above Date And Approximate Time Inmate Bruton, Raymond Sbi# 0069025 Was Ordered By Sgt. Denney Not To Stand On The Steps To The Module. Inmate Bruton Became Argumentative Towards Sgt. Denney And Lt. Williams When He Was Told He Would Not Get An Explanation To The Order. Lt. Williams Ordered Inmate Bruton To His Bunk. Inmate Bruton Complied Only After Lt. Williams Issued A Final Order. Sgt. Denney And Lt. Williams Talked To Counselor West And Advised That Inmate Bruton Has Been A Distraction To The Program And Further More Has Already Graduated. The Decision Was Made To Move Inmate Bruton To 1-B. During The Escort. During The Escort Inmate Bruton Continued To Talk After Being Ordered Several Times By Sgt. Denney And Lt. Williams Not To. Once In The Alcove Inmate Bruton Became Even More Disorderly By Verbally Attacking C/O Ware Calling Him A "Fat Boy", Lt. Williams Calling Him A "Goofball" And Sgt. Denney Calling Him A "Grease Ball". Lt. Williams Then Decided To Move Inmate Bruton To 1-E And Place Him On Pre-Hearing Detention For His Consistant Disorderly Behavior.
Reporting Officer: Denney, Rahim L (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

Immediate action taken by: Denney, Rahim L - CO Corporal/Sgt. - Large Inst.

Moved Inmate Bruton To 1-E.

### Offender Disposition Details

| Disposition: N/A | Date: N/A | Time: N/A | Cell secured? No |

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: [x]    Disapproved: [ ]    Approved By: Daniels, Kimphus  (Staff Lt./Lt)
Comments: N/A

### Shift Supervisor Details

Date Received:              Time:              Received From: __

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
      revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary
      Hearing.

                                        _____
                                        Daniels, Kimphus  (Staff Lt./Lt)

I have received a copy of this notice on DATE:_____ TIME: _____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

Preliminary Hearing
Officer:         _____          Offender: _____
                                                         Bruton, Raymond L

**Page 1 of 1**

A000075

| DR# | | Date: 01/23/2007 |
|---|---|---|
| 3015969 | HRYCI Howard R.Young Correctional Institution<br>1301 E. 12th Street<br>WILMINGTON DE, 19809<br>Phone No. 302-429-7700 | |

## DISCIPLINARY HEARING DECISION

**Inmate:** Bruton,Raymond   **SBI#:** 00069025   **Type:**Class II
**Institution** HRYCI Howard R.Young Correctional Institution   **Hearing Date:** 07/16/2006   **Time:** 2046

**Inmate Present:** Yes    **Reason(If No):** N/A

**Violation:** 1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

**Inmate PLEA:** Not Guilty

**Inmate Statement:** i/m stated Sgt.Denny and Lt. Williams where wrong

**Witness Name:** __

**Testimony :** i/m v. Perry stated he was not in area when i/m Bruton got into it with Lt.Williams and Sgt. Denny

**Decision :** Guilty

**Rational :** officers report, and i/m Brutons behavior durning hearing.(hearing was stopped after 4 minutes because of i/m Brutons disruptive behavior durning the proceeding)

**Sanctions:** N/A

**HEARING OFFICER'S SIGNATURE** _____
Daniels, Kimphus

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer.I may appeal the decision of a Class I Hearing to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [X] DO    [ ] DO NOT INTEND TO APPEAL    _____
**INMATE's SIGNATURE**

### ORDER TO IMPLEMENT SANCTIONS

[X] Inmate does not wish to appeal          [ ] Appeal has been denied by Commissioner or Designate

[ ] Sanctions have been modified          [ ] Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 07/08/2006 | 30 | 08/06/2006 |

Page 1 of 1

## Howard R. Young Correctional Institution

### Memorandum

To:        RAYMOND BRUTON, 2Q-21

From:      Ms. Jean Booker,
           Volunteer Services Administrator

*Received on 9/20/06*

Date:      September 15 2006

Subject:   Alternatives To Violence Project (AVP) Basic Workshop
           September 29, 30, October 1, 2006

========================================================================

You have been selected from the AVP waiting list to attend the upcoming Basic AVP seminar to be held in the Education area on Friday evening, 9/29/06, from 18:00 to 21:00 hours, and on Saturday, 9/30/06, and Sunday, 10/01/06, from 07:30 to 15:45 hours   Attendance is voluntary. However, should you wish to attend you must participate all three days to receive your certificate, and you will not be permitted to receive visits that weekend.

To be placed on the memo for the seminar please respond using the attached form no later than Wednesday, 9/20/ 2006.  The seminar will be filled on a first come basis.  If you are unable to attend but wish to remain on the waiting list you must also return the form below.  Your name will be retained on the waiting list for future seminar dates.  Your cooperation is appreciated.

---

TO: MES. Pamela A. Minoe, Treatment Administrator

FROM: Raymond L. Bruton

Date: October 1, 2006

RE:   Parole Date

Dear MES. Minor;
    On October 1, 2006, I was Successful
at completing the (AVP) Basic work shop. I
Rec'd the certificate and I am scheduled for
the advanced class, which will be scheduled
Somewhere in the month of November 2006.
    Whereas, with this accomplishment, is it
Fair for me to assume, I will be classified and
promptly place for a Review before the Parole
Board?
        Furthermore, I appreciate your assistance,
and I Realize this matter could not have been
Finalize without your direction, Thank you.

Tuesday, October 3, 2006
By copy of this letter, I will request
that a counselor follow-up, and review
your status with you.
        -Pamela A. Minor

                    Yours Truly,
                    Raymond L. Bruton

TO: MRS. Pamela A. Minor,
   Classification Heart ment Unit

FROM: Raymond L. Benton

Date: October 17, 2006

RE: Classification & Parole Date

Dear MRS. Minor;
      No Counselor has Seen me, as of the date
of this note. Is there Something Wrong?

```
Thursday, October 19, 2006
To my knowledge, consideration
for a Pre-Parole staffing has        Yours Truly,
not been initiated, since you opted   Raymond L. Benton
to have your Parole deferred.
I am aware that you did the AVP
Beginners workshop; therefore, your
case will be reviewed to see where
we go from here.
          ~Pamela A. Minor
```

TO: MRS. Pamela A. Minor; Administrator of Treatment

FROM: Raymond L. Benton

Date: October 29, 2006

RE: Parole Date

Tuesday, October 31, 2006
I believe that you addressed this matter
in a previous letter, and my response
was that the appropriate staff would
meet to assess your status, and act
in accordance to procedure.  I suggest
that you be cooperative and patient
throughout this process.
    Pamela A. Minor, Treatment Administra

Dear Mrs. Minor;
    I wrote to you on two occasions, this month of
October, 2006. I informed you I completed the AUP
Group, and as you mention in your reply note, I did
defer my MDT Hearing until I completed the AUP
Group, that was completed on Oct. 1, 2006, the day I
wrote you my First Letter.
    Whereas, Nothing should be delaying my MDT
Hearing at this date and time.
    Please, Mrs. Minor, place my Name be For the
MDT Board, For a hearing as soon as possible.

CC: Warden Williams

Sincerely
Raymond L. Benton

14



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

### *MEMORANDUM*

*TO:*     Raymond Bruton, 00069025
          Q Pod

*FROM:*   Warden Raphael Williams

*DATE:*   October 30, 2006

*SUBJ:*   **YOUR RECENT CORRESPONDENCE**

   *Your correspondence has been forwarded to your unit counselor, Ms. Cheryl Regan, for review and any action deemed appropriate.  I do not become involved in individual cases.*

*RW:adc*

### *DISTRIBUTION*

*Ms. Cheryl Regan, Unit Counselor*
*File*

*10*

**A000081**

To: Warden Raphael Williams IV

From: Raymond L. Bruton

Date: November 23, 2006

RE: Moving Forward To my Parole Hearing

Dear Warden Williams;

I am giving thanks to being alive and well
on Thanksgiving Day, an I pray this day was
wholesome and a blest day From God, For you
an your Family.

Warden Williams, I have a problem with Mrs.
Pamela A. Minor, denying me my MDT Classification
and delaying my Parole Date and Hearing For
as Long as she possibly can.

I wrote to my Counselor, ms. Cheryl Regan
(2) Letters, no reply; I wrote to mrs. Minor, She
replied by a note on (3) occasions, nothing has been
accomplished.

In the month of June 2006, I asked mrs. Minor
To allow me to proceed to the Parole Board without
the completion of the AVP Group, she refused me
my request, about my Parole Hearing!!

Now, I have completed the requested AVP Program
and mrs. Minor, still Refuses to allow me to move
Forward to my MDT Hearing, which I will From

**A000082**

Page 2

that process, move to my Parole Hearing.

Warden Williams, on October 30, 2006, I received a reply to my letter from you, and you stated in your correspondence, you forwarded my letter to my counselor, Ms. Cheryl Regan, for review and any action deemed appropriate. And, how you do not become involved in individual cases.

Warden Williams, you are the head man in charge of this institution, when you say jump, your complete staff, can "only" say how high. I have brought to your attention a problem I am having with your staff. It's quite obvious, on their own initiative they are doing what they deem necessary, denying me my constitutional rights to my Parole Hearing.

Warden Williams, the only outlet I have left is the courts, however, I wanted to give you the opportunity first, with this letter, to get involved with your staff, to find out exactly what the problem is.

Have a wonderful Holiday Season.

cc:

Yours truly,

Raymond L. Briton

21
A000083



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

TO:        *Raymond Bruton, 00069025*
           *Q Pod*

FROM:      *Warden Raphael Williams*

DATE:      *November 27, 2006*

SUBJ:      **YOUR RECENT CORRESPONDENCE**

*It is my understanding that your parole paperwork was started while in the Key Program, but it was deferred pending completion of Key and Anger Management. Both Ms. Regan and Ms. Minor are aware of your request to move forward with the parole application. It is further noted that both these individuals have responded to you in writing and Ms. Regan has been approached by you on several occasions while on the housing unit. I suggest you be patient.*

*RW:adc*

### *DISTRIBUTION*

*File*

A000084

To: Warden Raphael Williams IV

From: Raymond L. Beiton

Date: December 3, 2006

RE: Reply To Correspondence

Dear Warden Williams;
    I Received your Reply to my Correspondence
For your assistance on 11/12/06.
    Warden Williams contrary to the understanding
Ms. Regan and Mrs. Miner are seemingly exhibiting
and demonstrating.
    On one occasion I spoke to Ms. Regan, asking
her while I was in the medication Line, was she
going to 2Q-Pod to interview Raymond Beiton,
She said "NO" that has been the extent of any in-
volvement with me to Ms. Regan.
    Mrs. Miner acts as if I must seek her per-
mission to obtain a Parole Hearing before the Board
of Parole. Again I state, Mrs. Miner is violating
my Constitutional Rights To my Parole Hearing.
This is Totally my Choice to go before the Board of
Parole. The U.S. Senate in Washington DC has
given this Constitutional Process to all person
Whom have a Parole Hearing.

                    23
                **A000085**

MRS. Minor has No authority to tell me yes or No when I'm to have a heaeing. All that is Requee of hee and hee staff, peepaee a Paeole Re-poeT Feom the MDT Heaeing and nothing moee.

However, she has Told me when I Requested of hee to ignoee the AUP Peogeam, that I wanted To peeCeed on to the Boaed of Paeole, she denied me my own decision. MRS. Minor has Taken full Con-Tol of this peocess which she has No constitutional Right to do so. Wilkinson v. Dotson, cite as 125 S.Ct 1242 (2005) speaks on my paeole – eligibility peoceed-ings and Paeole suitability peoceedings. whatever MRS. Minor and MS. Regan aee doing makes No sense to me, and I am the one who should be told of what whee and how abbout this peocess.

Some one Needs to step Foewaed and inFoem MRS. Minor and mes Regan.

cc:

Yoves Tevly,
Raymond L. Breuton



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*        *Raymond Bruton, 00069025*
             *Q Pod*

*FROM:*      *Warden Raphael Williams*

*DATE:*      *December 4, 2006*

*SUBJ:*      **YOUR RECENT CORRESPONDENCE**

    *I can only alert Ms. Minor to your request and ask her to review your case and take the appropriate action.*

*RW:adc*

## **DISTRIBUTION**

*Pam Minor, Treatment Administrator*
*File*

# CLASSIFICATION DECISION PAGE

Routine ○ Classification    *PAROLE*    ○ Maintenance Review

Name: Briton, Raymond L.    SBI#: 069025

| Risk Assessment Scale: | Community/Minimum -2 to 04 | Minimum 05 – 08 | Medium 09 – 16 | Maximum 17 or more |
|---|---|---|---|---|

10

Override: ☐ Yes    ☒ No    If yes, briefly specify reason: _____
Mandatory Policy Override Removal Approved By Warden/Designee _____

| | Present | ICB or MDT Recommendation | IBCC Recommendation/ Decision | CICB Recommendation/ Decision | IRCB Decision |
|---|---|---|---|---|---|
| Security | Medium | | | | |
| Housing | | | | | |
| Job | Workpool | | | | |
| Education | Academics | | | | |
| Therapy | | | | | |
| Other | | Parole not recommended | | | |
| Other | | | | | |
| Next Review Date | | Month  /  Year | Month  /  Year | Month  /  Year | |

MDT or ICB MEMBERS PRESENT: Lt. Queener, F. Levy, C. Regan    Vote: 3-0    Abstention:

MDT or ICB CHAIRPERSON: Lt Willie Quin    Date: 3-7-07

MDT or ICB COMMENTS: Parole not recommended due to inmates failure to abide by previous Parole Board recommendations.

IBCC CHAIRPERSON: _____    Date: _____    Vote: _____ Abstention: _____
Override (include justification in comments) _____    Comments: _____

CICB CHAIRPERSON: _____    Date: _____    Vote: _____ Abstention: _____
Override (include justification in comments) _____    Comments: _____

IRCB CHAIRPERSON: _____    Date: _____    Approved: _____ Disapproved: _____
Override (include justification in comments) _____    Comments: _____



STATE OF DELAWARE
## BOARD OF PAROLE
CARVEL STATE OFFICE BUILDING · FIFTH FLOOR
820 N. FRENCH STREET
WILMINGTON, DELAWARE 19801

DWIGHT F. HOLDEN
CHAIRPERSON

TELEPHONE: (302) 577-5233
FAX: (302) 577-3501

July 25, 2007

Warden Raphael Williams
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington DE 19802

CRA: IN80120863, IN82101728

Dear Warden Williams:

At the meeting of the Parole Board on Tuesday July 24, 2007, Raymond Bruton was paroled to Level IV CREST followed by Level III supervision.

**SPECIAL CONDITIONS:**

- Must participate in Substance Abuse Evaluation and follow all treatment recommendations
- Must participate in Violent Offenders Counseling
- Must participate in Alcohol/Drug Counseling
- Must participate in Mental Health Counseling

Attached please find the certificate for parole for this offender. In the event that this order cannot be implemented in a timely manner, please notify this office as soon as possible.

Sincerely,

Dwight F. Holden
Chairperson

encl:   Parole Certificate

cc:     Pam Minor, Counselor Supervisor
        Cathy Scarborough, Records Dept.
        Sharon Agnew, Prothonontary Office NCC
        Mitzi Boddy, Superior Court Kent County
        Raymond Bruton, SBI# 00069025
        File #3348

STATE OF DELAWARE



BOARD OF PAROLE

CERTIFICATE OF PAROLE

WHEREAS, the Delaware Board of Parole acknowledges that,

_____**RAYMOND L. BRUTON**_____ DPB# **3348**_____

presently confined at a State Correctional Institution is eligible for parole;

WHEREAS, the Board of Parole, after careful consideration, believes that there is a reasonable probability said individual will lead a law abiding life and further believes that the release of said individual on parole is compatible with the welfare of society;

WHEREAS, the Board of Parole, under the authority vested in it by law, does grant said subject's release on parole from said institution at such time as a satisfactory parole program has been established by the Department of Correction, and said subject has read/heard read the general conditions of parole and has been furnished a copy of said conditions;

WHEREAS, said subject must also abide by the following Special Conditions:

**PAROLED TO LEVEL 4 CREST AND LEVEL 4 WORK RELEASE UNTIL SHORT TIME RELEASE DATE FOLLOWED BY LEVEL 3.**

**SPECIAL CONDITIONS -**

- **SUBSTANCE ABUSE EVALUATION AND FOLLOW ALL RECOMMENDATIONS**

- **VIOLENT OFFENDERS COUNSELING**

- **D/A COUNSELING AND FOLLOW ALL RECOMMENDATIONS**

- **MH EVALUATION AND FOLLOW ALL RECOMMENDATIONS**

NOW, THEREFORE, it is ordered that this certificate authorizes the release of said subject on parole effective on the __26TH__ day of __JULY__ , __2007__ , or any time thereafter subject to the rules, regulations and conditions of parole as set forth by statute and joint agreement of the Board of Parole and the Department of Correction.

Signed this ___26TH___ day of ___JULY___ , ___2007___ .

DELAWARE STATE BOARD OF PAROLE

**A000090**

## Offender Status Sheet

Date: 02/07/2008

| | | | | | |
|---|---|---|---|---|---|
| SBI #: | 00069025 | Name: RAYMOND L BRUTON | | Sex: M | |
| Location(s): PCCC | | Level(s): 4 | Race: BLACK | DOB: 03/04/1944 | Sex Offender: [] |
| AKA: | RAYMOND BROXTON; RAYMOND L BRUTON | | | | |
| Offender Type: Sentenced | | | Officer(s): Lang, Laverna (04) | | |

| Start Date: 08/29/2007 | MED: 05/01/2008 | STRD: 03/22/2008 | ADJ: 02/19/2008 | PED: | Statutory Days Earned: 40.00 |
|---|---|---|---|---|---|

| CASE# CONTROL# | CRA## JUDGE | Short Descr Sentence Description | Sentence Imp/Date | Sentence Effec/Date | Lodge EM# | SZ | MB | RD | Start Dt | MED | STRD | ADJ | CONT | SBRW# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DACS00001 | PAROLE BOARD | VIOL OF PAROLE | | Current | | B | 3 | | 08/29/2007 | 05/01/2008 | 03/22/2008 | 02/19/2008 | | |
| PRLB | | STANDARD | 05/14/2000 | 03/15/2000 | | | | | | | | | | |

Page 1 of 2