IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION No. 06-791-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| ) | |
| MRS. PAMELA A. MINOR, MRS. ) | |
| CHERYL REGAN, MR. STANLEY W. ) | |
| TAYLOR, and WARDEN RAPHAEL ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

FILED
MAR 12 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S RESPONSE TO DEFENDANTS
MOTION FOR SUMMARY JUDGEMENT

B) scanned

Plaintiff submits this response to defendants' motion for summary judgment. Because defendants have failed to meet their burden of demonstrating that there is no dispute as to any material fact, a and because the facts set forth in plaint9ff's Statement of Material Facts and the attached evidence show that defendants vio lated his clearly established constitutional rights, this court should deny defendants' motion.

**1. Defendants Are Not Entitled to Qualified Immunity.**
Defendanta argue that the doctrine of qualified immunity shields them from liabilty for their decision to subject plaintiff to cruel and inhumane conditions for over a sixteen month period, at the Howard R. Young Correctional Instution. As the Supreme Court has explained,"qualified immunity seeks to ensure that de- fendants' reasonably can anticaipate when their conduct may give rise to liability, by attaching liability only if'[t]he contours

of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" United States v. Lanier, 520 U.S. 259, 270 (1997). This is not say that an official action is protected by qualified immunity unless the very action in question has been held unlawful; but it is to say that in light of preexisting law the unlawfulness must be apparent. "Anderson v. Creighton, 483U.S. 635, (1987).
Here, it was apparent by June 2006 that the Eight Amendment prohibited defendants from subjecting the plaintiff to inhumane con ditions of confinement in prisons.

Here, the constitution allows plaintiff to seek a parole hearing. 4347 state statue sets guidlines which state officials must follow , such as, onceb the request is placed before the Board of Pa

role, by plaintiff, a certain amount of time for officials to act starts immediately. Psychological evaluations, MDT Hearings to de termine how the Institution will either agree or diagree in plaintiff being granted parole; which in all situations will take at the most difficult of times two months, not sixteen months or more.
These precedents preclude entry of summary judgment against plain tiff on the ground of qualified immunity. Indeed, this case presents government misconduct so egregious that any reasonable official would have known that it violates the constitution , regardless of preexisting case law. As the Supreme Court has observed, the easiest cases don't arise.There has never been...

2.

a 1983 case accusing welfare officials of selling foster children into slavery; it does not follow that if such a case arose the officials would be immune from damages [or criminal] liabilit Lanier, 520 U.S. at 271 (citation omitted) Defendants motion should therefore be denied.

    **II. Plaintiffs' Complaint is not moot.**

The Board of Parole granted plaintiff's parole request, however, the officials did every inhumane and cruel practice they could get away with in denying plaintiff's his constitutionnal rights to have a parole revue. Plaintiff suffered greatly because of these officials inhumane treatment, because of this the Defendants motion should be denied.

    **III. The Warden was Deliberately Indifferent to my Issues.**
**The warden is the responsible party** for any complaint brought to his attention for any problem the instution would have. However, his response to my constant complaint can be read in the original complaint, in several letters which turn my complaints in to deaf ears. Because of his attitude the Defendants motion should be denied.

    **IV. The evidence is clear Defendants violated my Rights.**
The entire process was changed to their process. Nothing of any structure rules of 4347 was followed by defendnats. The Defendants followed rules that i requested to show me, so I could have been on the same page as they were. They ignored my request in total disrespect of all that I would request. For thes4 reason Defendant motion should be denied.

3.

A. Plaintiff did have a Delaware Constitutional Right to be allowed to have his Parole revue. Sixteen months to have his parole revue is not in standing with no rules of fair play.

B. If the Defendants calmly state as they are doing that plaintiff was treated fairly throughout my parole process the District Court is being told untruths, may God help them.

### Conclusion

for all of the above reasons, defendants' motion for summary judgment should be denied.

Sincerely,

*Raymond L. Bruton*

Raymond L. Bruton
SBI# 069025
203 W.28th Street
Wilmington, DE 19802

March 6, 2008

4.

## CERTIFICATE OF SERVICE

I Raymond L. Bruton, hereby certify that on March 6, 2008, I caused a true and correct copy of the attached plaintiffs' Response to Defendante Motion For Summary Judgment to be served on the following individual in the for and manner indicated.

**NAME AND ADDRESS OF RECIPIENT(S)**

Erika Y. Tross(#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

**MANNER OF DELIVERY:**

__One true copy by facsimile to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two True copies by hand delivery to each recipient

*Raymond L. Bruton* (signature)
Raymond L. Bruton
SBI# 069025
203 W. 28th Street
Wilmington, DE 19802

Mr. Raymond L. Bruton
SBI# 069025
203 W. 28th Street
Wilmington, Delaware
19802

POSTAGE DUE NOT ACCEPTED
BY THE ADDRESSEE.
RETURN TO SENDER FOR
ADDITIONAL POSTAGE DUE NOT ACCEPTED
DUE

ADDITIONAL POSTAGE
DUE

Office of the Clerk

United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570